No. 27,995.

GERTRUDE PARKS et al., *Appellees,* v. RAY W. SNYDER et al., *Appellants.*

(268 Pac. 814.)

Opinion filed July 7, 1928.

*C. M. Williams, D. C. Martindell, W. D. P. Carey* and *B. A. Earhart*, all of Hutchinson, for the appellants.

*J. N. Tincher, Don Shaffer, Mabel J. Shaffer* and *Rubert G. Martin*, all of Hutchinson, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The parties to this action were interested in the estates of their deceased parents. Matilda A. Snyder, their mother, died on May 2, 1922, and H. Snyder, their father, died on June 2, 1923. The probate court appointed J. H. Tharp administrator of both estates, who administered them under the direction of the probate court, making reports from time to time, which were approved by the probate court, and after a final report was discharged. For convenience Ray W. Snyder will be referred to as defendant.

On April 2, 1925, Ray W. Snyder, one of the five children, brought an action against the others to partition the estate of H. Snyder, deceased. On May 2, 1925, all the heirs entered into a contract for settlement and partition of the property of the estate, in which among other things it was stipulated that Ray W. Snyder should dismiss his action in partition upon compliance with the provisions of the contract. The present action was brought by the heirs other than Ray W. Snyder against him to require the specific performance of the contract, including the conveying of real estate, in accordance with its terms and the payment of certain obligations named in the contract, in order to equalize the shares of the heirs; and they also asked to have the title quieted to the real estate allotted to each of them.

In addition to a general denial the defendant admitted the execution of the contract and the administration of the estate by J. H. Tharp under the direction and orders of the probate court. Defendant further alleged that Tharp had expended large sums of money in repairs and improvements of the real estate without authority of law, and that one-fifth of these expenditures, which were estimated at $10,000, belonged to him and should be accounted for to him by the plaintiffs. He also alleged that he is ready and willing to execute conveyances to the plaintiffs of their shares in the real estate upon the execution of conveyances to him of the share of property which rightfully belongs to him. The defendant prayed for an accounting of the property of the estate involved, that a balance be struck in his favor, and that he be given credit upon any obligations due by him to the other heirs. When the issues were joined A. Coleman was appointed referee, who made findings of fact and law, which included an elaborate accounting as to the interests of the several heirs, which was approved by the court and judgment was rendered in favor of the plaintiffs. The defendant appeals, and assigns as error the finding and adjudging that Ray W. Snyder was indebted to the plaintiffs in the sum of $6,384.72, also in allowing interest on the judgment, in ordering that the real estate set apart to defendants be sold without right of redemption, and in holding Ray W. Snyder liable for charges to the estate in the sum of $2,861.12 for repairs and improvements made upon the estate by the administrator.

In the contract there was a recital of an estimate that the estate would yield to each of the five heirs at least $21,500; that certain real estate and personal property belonging to the estate should be set aside to Ray W. Snyder as his share, and if the property so set apart upon appraisal exceeded the sum of $21,500 he should secure the payment of the excess to the other heirs. It was stipulated that the residue of the estate after payment of all indebtedness, including costs and expenses of administration, should be divided among the heirs share and share alike, and that any indebtedness of any of the heirs should be computed as a part of his share. A part of the property of the estate was a mill and lumber plant, and it was agreed that it should be leased to Ray W. Snyder for a year on conditions and at a rental which were stated, and also that he should have the privilege and option to renew the lease for a longer time upon specified conditions. It was further agreed that the administration of the estate should be closed, if possible, within two

years and final settlement and partition made, and also a provision for securing equality among the heirs in the shares received. There was a stipulation that, upon the request of any party before final settlement, a complete audit of the property of the estate, including the mill and lumber plant, should be made. The contract was submitted to and approved by the probate court. The findings set forth the death of the parties; that they died intestate; the names of the heirs who are the parties herein; the appointment of the administrator; the completion of the administration by him and his final discharge; the purchase by Ray W. Snyder of property of the estate for which he gave to the plaintiffs a note for $3,726.65, which was still unpaid; that there had been an agreement by all the heirs that Tharp, the administrator, should run the mill and lumber yard for a period, which was done; that Tharp had paid the taxes upon the property for the years 1922, 1923 and 1924, and the first half of the year 1925; schedules of these were stated; that the administrator made repairs and improvements on real estate at considerable expense, which was made a charge on the property of the estate, and that Tharp had collected as rents and profits from the real estate $5,299.85, which was taken into account in the final accounting by the referee. Accounts were stated between the several heirs and the estate, which are set out at length in the findings. It was found that the realty had been received by the parties in accordance with the agreement, which provided that the heirs should share equally in the estate. There was a finding that Ray W. Snyder had knowledge of the repairs and improvements made on the real estate by the administrator up to March 28, 1925, which amounted to $2,861.12; that there was no showing of his consent or knowledge of repairs made after that time and which amounted to $2,810. It was further found that on March 11, 1926, when the administration of the estate had been closed, it amounted to $99,-959.91, and that each of the heirs was entitled to $19,999.91. In the conclusions it was stated that under the agreement each heir was entitled to one-fifth of the proceeds of the estate; that Ray W. Snyder was the owner of specified property and the plaintiffs were the owners of the remainder. It was further concluded that the administrator, as such, had no right to pay taxes on the real estate, but as the taxes were due and the property owned jointly, each heir was liable for its proportionate share, and that no damage to any of the heirs resulted from the payment by the administrator. As to

the charge for the half of the taxes in 1925, it was held that this was not a proper charge, but that the rights of all were protected in that the same had been charged to plaintiffs' distributive shares.

Another conclusion was that the administrator had no right to the possession of the real estate or to the profits derived from it, but as to that it was concluded that he was accountable to the heirs, and this item was not involved in this action. It was concluded that Ray W. Snyder having knowledge of the repairs and improvements up to a certain date and having made no objections thereto was liable to the extent of $2,861.12, but that he was not estopped as to his claim that $2,810 was wrongfully expended, since it was not shown that it was done with his knowledge or consent, and one-fifth of the amount was credited to him. There was a further finding that he was indebted to the plaintiffs in the sum of $3,726.65 on a promissory note, and the sum of $2,711.50 on excess payment on the distribution of the estate, making a total of $6,438.22; that from this should be deducted the sum of $471.18, leaving a balance of $5,967.04, for which amount judgment should be given to plaintiffs against Ray W. Snyder, with interest thereon from May 7, 1926. An order of distribution of this amount among the individual plaintiffs was made.

There is a contention that some claims adjudged against the defendant were not warranted, and some evidence is quoted to sustain the claim. The record does not purport to contain all the evidence pertaining to these claims, and our view of the facts is limited to what is set out in the findings of the court.

One contention is that the court was not justified in adjudging that interest should be paid on the indebtedness of Ray W. Snyder to the plaintiffs from May 7, 1926. Under provisions of the family compromise agreement payments were due when final settlement was made of the Snyder estate. That was the date from which interest was reckoned and allowed. It was defendant's duty to make payment at that time, but as he failed to make or tender payment no reason is seen why interest should not be adjudged. It is said there was a dispute as to the amount of defendant's indebtedness and that interest could not be allowed until the dispute was settled. A debtor cannot escape liability for interest upon indebtedness which is due by disputing the amount of it. The claim was not for unliquidated damages but for money due under a contract about the execution of which there is no dispute. The right to

interest accrued when the debt became due as provided in the contract, and we think the court rightly held the defendant liable for interest· at the legal rate upon the indebtedness from the time it should have been paid.

It is next contended that error was committed in charging defendant with a proportion of the taxes and improvements made. In the assignment of errors complaint is made of the allowance for repairs and improvements on the real estate, but nothing is said as to the taxes. Assuming that the general specification of error that the defendant was not indebted to the plaintiffs in the amount adjudged, we will examine the finding as to taxes. The taxes for three years on the real estate were paid by the administrator. It was conceded and held by the court that these payments were beyond the authority of the administrator. The administrator, however, was in possession of the property, including the mill and lumber plant, the latter being held by him under a contract with the defendant. The taxes accrued yearly and were paid by the administrator out of ,the proceeds of the estate. The property was owned in equal shares by the five heirs jointly, and each was liable for one-fifth of the taxes. While it was an excess of authority on the part of the administrator, all knew that the taxes must be paid, and instead of each heir paying one-fifth of the taxes it was paid by the custodian of the funds of the estate owned jointly by the heirs. It was an equitable adjustment that was made by the court, and the defendant was not charged for more than his proportion of the taxes for which the property was subject.

As to the repairs and improvements made by the administrator upon the real estate without authority, it appears to have been done with the knowledge of the defendant as well as of the other heirs. With knowledge that these expenditures were being made for the benefit of the estate, no objection was made by the defendant. Because it was not sufficiently shown that he consented to or had knowledge of a part of the repairs and improvements made, the court eliminated the expenses of these and charged them to the plaintiffs. By reason of his knowledge and acquiescence in the part charged to him, he was not in a position to deny liability, and we think the court rightly held him liable for his share of the benefits derived from the expenditures. No error was committed in this respect.

There is also a complaint of that part of the decree which pro-

vides for making the excess a charge upon defendant's share, and if payment was not made, for a sale of his land without redemption. In partitioning and equalizing the shares of the heirs in the estate, the court found it necessary to require the payment of an excess obtained and held by the defendant. Defendant urges that the partition decree contemplates a sale of real estate, and that the right of redemption extends to all cases where real estate is sold under execution or order of sale, and that he was entitled to an order permitting him to redeem within eighteen months from the date of sale. The action was in the nature of partition. It was based on an agreement for partition of property of the estate. It provided for equalizing the shares by making the indebtedness of any heir to the estate a part of his share, so that all of them should receive share and share alike, and the decree did no more than to carry out the partition agreement. The partition was properly made in pursuance of the partition statute, R. S. 60-2111. It has been determined that a sale in a partition action is not the equivalent of a forced sale under execution and it was said:

". . . It is no more than a process for the purpose of dividing and distributing among owners real estate where it is found impossible to have a division in kind." (*Towle v. Towle*, 81 Kan. 675, 689, 107 Pac. 228.)

In such an action the statute provides that:

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties and to secure their respective interests." (R. S. 60-2114.)

Under the statute the court may make partition of the property upon the broad principles of equity, and may require one who has been given an allotment in excess of his share to make payment of the excess, and if immediate payment is not made to charge it as a lien against the excessive allotment. (*Sawin v. Osborn*, 87 Kan. 828, 126 Pac. 1074.) Within its equity powers the court makes a complete and final partition, and we think a provision for the enforcement of the lien is not within the redemption statute. No error was committed in decreeing that the partition should be made, including the enforcement of the lien without providing for a redemption period.

We discover no error in the proceedings, and therefore the judgment is affirmed.