No. 28,444.

Robert H. Clogston, *Appellee,* v. J. H. White et al., *Appellants.*

(273 Pac. 458.)

Opinion filed January 12, 1929.

*J. M. Pleasant,* of El Dorado, and *F. W. Driscoll,* of Kansas City, Mo., for the appellants.

*Gordon A. Badger,* of Eureka, for the appellee; *Robert H. Clogston,* of Eureka, *pro se.*

The opinion of the court was delivered by

DAWSON, J.: This was an action on an account for attorneys' services and expenses. Plaintiff showed a bill of itemized debits totaling $4,946.18 and itemized credits aggregating $1,954.76, and judgment was awarded him for the balance due, $2,991.42, with interest thereon from the date when the action was begun.

Defendant appeals, assigning two errors, the first of which relates to the admission of testimony by plaintiff that he had given defendant credit for a somewhat larger amount than he was actually entitled to, because plaintiff wanted to keep the amount in controversy below $3,000 so that the action could not be removed to the federal court. This testimony was not improperly received, because the matter was partly developed by the defendant himself in cross-examination of plaintiff. Having opened the subject, defendant could not fairly object to a complete explanation of the incident. But aside from that, a litigant may choose his forum to suit himself, and his adversary has no justiciable grievance thereat if the forum so chosen has jurisdiction of the parties and the subject matter; and no man prejudices his cause by suing for a less amount than is actually due him. In *Dubbs v. Haworth,* 102 Kan. 603, 606, 171 Pac. 624, it was said:

"It is not required of a creditor that he shall demand the uttermost farthing which may be technically due him. He may be satisfied with less than his just due; . . . Modesty of demands is ordinarily a virtue, not a fault."

See, also, *Fuller v. Wright Bros.,* 106 Kan. 676, 680, 189 Pac. 142.

The second error is based on the allowance of interest from the date the action was begun. The verdict of the jury was silent on the matter. However, it is settled law in this jurisdiction that where the amount due is upon contract express or implied, and there is no uncertainty as to the amount due, or as to the time when it was due, the omission of the jury to compute and allow interest is not fatal to its allowance. The court itself can compute and add it to the verdict and give judgment accordingly. (*Farmers State Bank v. Crow,* 126 Kan. 395, syl. ¶ 9, 267 Pac. 1100.)

The judgment is affirmed.