No. 29,893.

W. A. KIRKPATRICK and VERA M. KIRKPATRICK, as THE JOPLIN LOAN AND SECURITY COMPANY, *Appellants*, v. E. S. BERRY et al., *Appellees.*

(299 Pac. 598.)

Opinion filed June 6, 1931.

*A. D. Schreiner* and *S. C. Westcott,* both of Galena, for the appellants.
*Oscar M. Yount,* of Galena, for the appellees.

The opinion of the court was delivered by

BURCH, J.: Plaintiffs sued on a promissory note before a justice of the peace. Defendants' motion to dismiss for want of jurisdiction was denied, judgment was rendered for plaintiffs, and defendants appealed. In the district court defendants moved to dismiss for

want of jurisdiction, the motion was sustained, and plaintiffs appeal.

The bill of particulars disclosed that the note was for $501.25, payable in monthly installments, with interest at 8 per cent per annum from maturity. Default in payment of any installment matured the remaining installments. The first three installments of $42 each were paid. Foreclosure of a chattel mortgage produced the net sum of $80, which was credited on the note. The bill of particulars concluded as follows:

"That the plaintiffs have received a total of $206 upon said note and indebtedness, and that there is a balance due the plaintiffs from said defendants [in] the sum of $295.55, and for which amount plaintiffs pray for judgment against said defendants, together with the interest thereon at the rate of 8 per cent per annum until paid, and for the cost of this action."

The justice of the peace had jurisdiction to try and determine actions for recovery of money when the amount claimed did not exceed $300. (R. S. 61-102.) On appeal the district court had the same jurisdiction as the justice of the peace. Under the provisions of the note interest commenced to accrue when default was made in payment of the fourth installment. Payment of interest from that time on the whole sum remaining unpaid was just as much a part of the contract as payment of any installment, and the body of the bill of particulars disclosed a claim according to the tenor and effect of the instrument. This claim was for more than $300.

Plaintiffs say the prayer was for judgment for $295.55, together with interest on the judgment only. The bill of particulars took pains to plead that the principal sum should bear interest at 8 per cent from maturity until paid, and to plead conditions which matured the note so that it bore interest. To get interest on the indebtedness it was necessary for plaintiffs to pray for interest. It was not necessary to pray for interest in order to get interest at the contract rate on the judgment. The law took care of that. (R. S. 41-105.) If it had been the purpose of the pleader specifically to renounce interest during default and to make interest begin, contrary to the contract, with rendition of judgment, no doubt the purpose would have been definitely expressed.

When the court held it had no jurisdiction, plaintiffs offered to remit interest sued for "if any." The district court could get jurisdiction of the case only by appeal from the judgment of the justice of the peace.

The judgment of the district court is affirmed.