No. 30,023.

J. A. McDermott, *Appellee,* v. Jennie B. Sterling, *Appellant.*

(2 P. [2d] 78.)

Opinion filed July 3, 1931.

*H. S. Hines,* of Arkansas City, for the appellant.
*Richard B. McDermott,* of Winfield, for the appellee.

The opinion of the court was delivered by

Burch, J.: The appeal was taken from an order refusing to dismiss a case for want of jurisdiction. The case was before the district court on appeal from a justice of the peace, and the contention was the justice of the peace had no jurisdiction because the amount involved, with interest, exceeded $300.

The action was one for an attorney fee of $700. The bill of particulars alleged employment, rendition of services, agreement with respect to amount of fee, and an agreement with respect to when payment would be completed. Credits were allowed, and the bill of particulars concluded as follows:

"Wherefore, plaintiff prays judgment for the sum of two hundred fifty ($250) dollars, with interest at the rate of six (6) per cent per annum, and for the costs of this action."

Interest not contracted for is allowed by way of damages for nonpayment of money. The interest statute prescribes the receivable

rate when there is no agreement (R. S. 41-101), and the rate judgments shall bear (R. S. 41-104; 41-105).

The civil code prescribes the form of the petition in an action in the district court. There must be a demand for the relief to which the party supposes he is entitled. If recovery of money be demanded the amount must be stated, and if interest be claimed the time for which interest is to be computed must be stated. (R. S. 60-704.) While the prayer is an essential part of the petition it is not a part of the cause of action, and the party gets not what he prays for but what his cause of action warrants. (*Webster v. Broeker*, 97 Kan. 219, 155 Pac. 15.)

The code of civil procedure before justices deals with the subject of pleadings. It is not so strict regarding form, and the initial pleading, called a bill of particulars, may be quite informal. It is merely a bill of particulars of the demand. (R. S. 61-601.) If a story is to be told the bill of particulars should state in a plain and direct manner the facts constituting the cause of action. (R. S. 61-602.) Prayer for relief is not mentioned, and the provision of the civil code is not applicable.

In this instance the contract pleaded was not one which bore interest. To get damages by way of interest it was necessary to exhibit a demand which included damages. It cannot be made out from the bill of particulars, including the prayer, whether the demand was for interest on the whole sum from the time the amount was fixed, or from date of breach of a subsequent agreement to pay out of proceeds of a loan, or from date of the last payment which was made, or from date of filing the bill of particulars. Therefore the balance claimed to be due did not exceed $300. (R. S. 61-103.)

In the district court the bill of particulars was amended to show a prayer for interest from the date the bill of particulars was filed. Having acquired jurisdiction by appeal, the district court was authorized to allow the amendment.

The case is clearly distinguishable from that of *Kirkpatrick v. Berry*, ante, p. 244, 299 Pac. 598, in which the prayer for a balance due with interest necessarily meant contract interest for a time and rate disclosed in the statement of the cause of action in the body of the bill of particulars.

A purported supplemental abstract shows on its face that it is not an abstract of anything connected with the proceeding, and it has no place in the court's files.

The judgment of the district court is affirmed.