No. 30,065.

T. L. MARSHALL, *Appellee*, v. J. D. McNEILL, LORENE McNEILL, et al., *Appellees* (THE BANKERS MORTGAGE COMPANY OF TOPEKA, *Appellant*).

(5 P. 2d 859.)

Opinion filed December 12, 1931.

*N. J. Ward, J. A. Fleming* and *Mary H. Koger,* all of Topeka, for the appellant; *Edward T. Riling* and *John Riling,* both of Lawrence, of counsel.

*J. B. Wilson, M. A. Gorrill, Walter G. Thiele, R. E. Melvin* and *George K. Melvin,* all of Lawrence, for the appellees.

·The opinion of the court was delivered by

SLOAN, J.: This was an action to foreclose certain mechanics' liens and a mortgage on real estate situated in Lawrence, Kan. The judgment was entered, in part, on January 28, 1930, and a further judgment entered at a subsequent term of the court on July 22, 1930.

The question for review is whether the court had jurisdiction to enter the last judgment. The petition was filed on November 13, 1929, in which the plaintiff alleged the necessary facts for the establishment and foreclosure of a mechanic's lien on certain lots in Lawrence, Kan. Answers were filed by the defendants, except the mortgagors who are appellees, each setting up and claiming a mechanic's lien on the property described in the petition. The appellant filed an answer and cross petition containing the usual allegations for the foreclosure of a mortgage in the amount of $2,500, which was executed by J. D. McNeill and Lorene M. McNeill. It claimed a lien on the real estate superior to the mechanics' liens set out by the appellees. The appellees, J. D. McNeill and Lorene M. McNeill, answered admitting the execution of the note and mortgage

and alleging that on the 6th day of December, 1929, they executed and delivered to the appellant a deed conveying the property in question to the appellant, and that it was provided in the deed: "As part of the consideration for this deed it is hereby agreed by both parties hereto that the delivery of this deed merges all equitable title of second parties with the legal title hereby transferred."

It was further alleged that after the delivery of the deed, and without the knowledge or consent of the appellees, the appellant changed or caused to be changed the name of the grantee in the deed and inserted as grantee F. C. Cave, and that said change was made for the purpose of defrauding the appellees. The appellant replied by general denial, and alleged that the change in the name of the grantee in the deed was made before the delivery thereof and with the knowledge and consent of the makers of the deed. The appellee, plaintiff below, filed a reply and answer to the answer and cross petition of the appellant in which he alleged that subsequent to the delivery of the deed dated December 6, 1929, some one deliberately changed the name of the grantee therein; that the conveyance was in fact to the mortgagee and that by reason of the conditions in the deed the mortgage merged into the fee title, and the mortgagee thereby became the owner of the property.

The case came on for trial on these issues at the regular November term of the district court of Douglas county on the 28th day of January, 1930. F. C. Cave, who is sometimes referred to as Forrest Cave, was not at that time a party to the suit. All parties to the action appeared, and the court, after listening to the evidence, found that there was due and owing the appellant on the note and mortgage sued on, $2,030.91; that said amount was a first and prior lien on the real estate described in the petition, and the appellees were the holders of valid mechanics'· liens on the property in the amount prayed for in their respective petitions, which. liens were concurrent and subject to the mortgage lien of the appellant.

The court also found that the mortgagors had, for a valuable consideration, deeded and conveyed their equity of redemption, and that by virtue of such deed the appellant was in possession of the premises.

The court further found that the controversies, rights and issues, if any, between the appellant and F. C. Cave, who was not a party to the action, were not determined and the court should retain jurisdiction of the cause for the purpose of hearing and determining

such issues. Judgment was entered in accordance with the findings, which included the following order:

"It is further decreed and ordered by the court that this court retain jurisdiction in this cause to hear and determine the rights and issues, if any, between the parties, or any of them to this action, and one Forrest Cave, provided that the said Forrest Cave shall plead in this cause or a summons be issued in this cause upon præcipe for summons filed by any party to this action, for the said Forrest Cave within one hundred and fifty (150) days from date hereof."

In accordance with this order the appellee, plaintiff below, on April 23, 1930, filed a præcipe for a summons, which was issued and served on F. C. Cave. On May 13 F. C. Cave filed an answer in which he alleged that he was the owner of the property described in the petition, entitled to all the rights of redemption and all other rights provided for by law.

On July 7, 1930, at the May term of the court, the case came on for trial "on the issues formed by the amended and supplemental petition of the plaintiff; together with the answer and cross petition of the defendants, J. D. McNeill and Lorene McNeill, his wife, on the one hand and the answer of the defendant, F. C. Cave, and the answer and cross petition of the defendant, the Bankers Mortgage Company, a corporation, on the other hand. . . ." The parties appeared by their respective attorneys and it is recited in the journal entry: "It is agreed by said parties that the matters at issue, the same being the question of grantee in a certain deed made and executed by the defendants, Lorene McNeill as Lorene McNeill and J. D. McNeill, her husband, on the 6th day of December, 1929, . . . and involving further the matter of the effect of such deed on placing ownership of the property described and the effect of said deed on the mortgage theretofore held on said property by the defendant, the Bankers Mortgage Company, a corporation, should be and the same are submitted to the court on the evidence adduced at the original trial of other issues in this case to wit, on the 28th day of January, 1930, and the same were taken under advisement by the court."

The court, on July 22, 1930, after finding the deed in question was made and delivered to the appellant; that the change in the name of the grantee was made without the knowledge or consent of the grantors; that the appellant thereby became the owner of the real estate described therein and the mortgage merged into the legal

title, entered judgment that the appellant "was and is the owner of said real property free and clear of said mortgage."

The appellant brings this order to this court for review, contending that the trial court lost jurisdiction of the case at the close of the November, 1929, term and could not alter or vary such judgment at a subsequent term.

The law is settled beyond any question that a court cannot set aside its final judgment after the expiration of the term at which it was entered, unless proceedings for that purpose are brought as provided by law. (*Moore v. McPherson*, 106 Kan. 268, 187 Pac. 884.) This principle of law, however, has no application to the case under consideration. The trial of the case was commenced at the January, 1930, term. After listening to the evidence it became apparent to the court that a final judgment, so far as the owners of the real estate in question were concerned, could not be entered until Forrest Cave was made a party defendant. The court found that a deed had been executed and delivered by the mortgagors and that by virtue of the deed the mortgagee was in possession of the property. It did not determine who was the grantee in the deed and the owner of the property. This question was not adjudicated and could not be adjudicated until Forrest Cave was made a party defendant. The court very properly made an order retaining jurisdiction of the cause and continuing it until Forrest Cave was made a party defendant. It clearly appears from the stipulation contained in the journal entry of July 7, 1930, that the parties understood that the issue not determined and to be adjudicated was the effect of the deed on the mortgage lien held by the appellant. This issue was fairly submitted and considered and the effect of the court's finding and judgment was the cancellation of the mortgage lien of the appellant, and this necessarily modified the judgment entered at the November term against the mortgagors. We hold the court had jurisdiction to determine the issue, notwithstanding its effect on the former judgment.

The judgment is affirmed.