ERNEST BEAUDRY *& a. v.* ALDERIC FAVREAU *& a.*

Argued May 3, 1955.

Decided June 7, 1955.

*Mack M. Mussman* (by brief and orally), for the plaintiffs.

*Tiffany & Osborne* and *Joseph Kovner* (*Mr. Kovner* orally), for the defendants.

DUNCAN, J.  The only disputed figure among those employed in the account stated by the Trial Court is the figure fixing the "rental value" of the inn at $2,500.  The defendants' evidence was

that the inn had a market value of $45,000, and a "lease value based upon ten per cent of that figure, with the owner to just get his rent, and he would pay such items as the tax figure and expenses of that sort, but not normal maintenance." The plaintiffs' evidence was that a rental value "sufficient to pay for an investment of that size" could not be obtained, and that $1,500 "for a three months period" would be a fair rental.

The plaintiffs assert that no allowance should be made for rental because they suffered a loss in operations, and because the defendants had no title to the property at any time, except as mortgagees under the plaintiffs' mortgage, and will therefore be unjustly enriched by restitution in the nature of rental.

The defendants on the other hand argue that the allowance was inadequate because the evidence did not support a valuation of $15,000 for the property. The defendants' argument appears to us to be without merit. There was evidence that the premises could not be sold for $18,000. The defendants admittedly paid the bank $15,000 to procure the conveyance to the plaintiffs. The plaintiffs' expert testified that $1,500 was a fair rental. Evidence introduced by the defendants would permit the conclusion that rental value might properly be capitalized at ten times its amount to produce market value. See Orgel: Valuation Under Eminent Domain, (2d ed.) ss. 177, 185. In this situation the finding of a market value of $15,000 was warranted.

The finding that a fair rental value was $2,500 was warranted, whether reached on a basis of a five months' season at $500 a month, or of a sum approximating a total of taxes, insurance, depreciation at five per cent and a return on investment at six per cent of a market value of $15,000.

The plaintiffs argue that no rental value should be allowed. So far as the argument rests upon the contention that the defendants are entitled to no return because they never held legal title to the property it cannot be accepted. Obviously it was necessary for the defendants to invest $8,000 in the property, in addition to the plaintiffs' deposit of $7,000, in order to obtain the deed from the bank. The decree of rescission requires them to repay the plaintiffs $7,000 with interest, so that in effect the defendants have invested $15,000 in the property from the outset. The circumstance that they did not themselves take title from the bank is not thought to be significant.

The question remains whether the rental value allowed by the

Court will unjustly enrich the defendants, as the plaintiffs contend. Since the terms of rescission as determined by the Court require the defendants to reimburse the plaintiffs for taxes and insurance, the restitution required of the plaintiffs is in effect a net rental of $1,565.80.

The rule with respect to rescission between vendor and purchaser is frequently stated in the language used in the ruling of the Court below: "the vendor is entitled to possession of the property upon repayment of the purchase money . . . together with the value of improvements . . . less the reasonable rental value of the vendee's occupancy." See *Kent* v. *Clark*, 20 Cal. (2d) 779; 55 Am. Jur. 1004. Strictly speaking, however, restitution for the vendee's occupancy arises not from the relationship of landlord and tenant, but from the equitable requirement that he should restore any benefits received if he is to be permitted to rescind. *Richardson* v. *M'Kinson*, Litt. Sel. Cas. (Ky.) 320, 323; 55 Am. Jur. 1003, 1004. The plaintiffs in this case must in accordance with the rule of this jurisdiction "do what equitably [they] ought to do" to be entitled to rescind. *Page Belting Co.* v. *Prince*, 77 N. H. 309, 313; *Stevens* v. *Stevens*, 97 N. H. 135. As is pointed out in Black on Rescission and Cancellation, *s.* 634, the purchaser in possession is required to account for the rental value of the premises, "or rather for the value of his use and occupation of them." See also, 2 Sutherland, Damages, *s.* 587. Under general principles of restitution, where the recipient of property is not at fault, equity requires that he restore "the reasonable value of the use or what he received therefrom, at his election." Restatement, Restitution, *s.* 157 (d). See also, illustration 5.

Thus it does not follow that because the vendee has had possession he must in all instances account for the fair rental value of the property. Frequently the interest on the money paid by the vendee, and the value of the vendee's use and occupation are "roughly balanced against each other, such a rough balancing probably operating to the advantage of the plaintiff." 5 Corbin on Contracts, *s.* 1115. However where the purchaser has paid only a portion of the purchase price and his occupation of the land was of no benefit to him, this rule has been held not to apply. *Kicks* v. *State Bank of Lisbon*, 12 N. D. 576. As stated by Corbin, *op. cit. supra, s.* 1115, the purchaser "cannot specifically undo the fact that he has had possession and use; but it should be held sufficient to reduce the amount of his recovery by the amount of the value

*received by him."* (Emphasis supplied). See *Newton* v. *Tolles,* 66 N. H. 136, 139.

The plaintiffs in this case claim to have incurred a substantial loss and the defendants have made no claim that they received any net profits. The trial, and the findings of the Court, appear to have proceeded upon the assumption that the plaintiffs were required to account for fair rental value regardless of the value of the benefits actually received by them. The evidence tended to show that they occupied the premises as a residence for some if not all of a year. What if any other benefit they may have derived from their occupancy does not appear from the record before us. Under the circumstances the case will be remanded to the Trial Court to determine whether the allowance of $2,500 "rental value," as reduced by the required repayment to the plaintiffs of taxes and insurance, fairly represents the value of benefits which accrued to the plaintiffs from their occupancy and which they should equitably be required to restore to the defendants. If it does the accounting may stand. If not, the allowance should be modified to conform to equitable principles herein stated.

The plaintiffs' contention that they are entitled to recover damages for losses incurred in operation of the inn, and that the Court should have received evidence with respect thereto cannot be sustained. No exception by the plaintiffs is transferred which presents the issue, and it is not apparent how such a loss, if recoverable upon rescission, could be found a consequence of the alleged misrepresentation of the price or value of the property. The issue is not before this court.

Similarly no issue of the plaintiffs' right to recover interest on the funds deposited with the court below appears to be presented by exception. Ordinarily such interest is not allowable, since neither party has the use of funds on deposit. 30 Am. Jur. 44. Moreover, the decree provided for payment to the plaintiffs of any "interest accumulated" on the deposit.

In view of this transfer of the case to this court, and the necessity for reconsideration of the issue of restitution to be made by the plaintiffs on account of their occupancy of the premises, the order with respect to costs has proved to be premature (*State* v. *Sunapee Dam Co.,* 72 N. H. 114, 130), and it is set aside. The argument advanced to support the order, that "no litigation would have been necessary" had the plaintiffs asserted no claim for damages, is not warranted by the record transferred. On final judgment, costs

may be awarded in the discretion of the Trial Court, as justice may require. *Hatch* v. *Rideout,* 96 N. H. 122.

*Remanded.*

All concurred.