No. 45,364

PHELPS DODGE COPPER PRODUCTS CORPORATION, *Appellee*, v. ALPHA CONSTRUCTION COMPANY, a Corporation, and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, *Appellants*.

(455 P. 2d 555)

Opinion
filed June 14, 1969.

*David H. Sanders,* of Tulsa, Oklahoma, argued the cause, and *Byron M. Gray, Charles L. Davis, Jr.* and *Robert D. Hecht,* all of Topeka, were with him on the brief for the appellants.

*Jack L. Whitacre* and *Donald W. Giffin,* both of Kansas City, Missouri, argued the cause, and *David H. Heilman,* of Council Grove was with them on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This is an action by Phelps Dodge Copper Products Corporation, herein called plaintiff or Phelps Dodge, against the defendants, Alpha Construction Company and Fidelity and Casualty Company of New York, herein referred to as Alpha or defendants, to recover for copper products sold and delivered to Alpha in the total amount of $292,684.22.

The defendants filed an answer generally admitting the plaintiff's allegations but cross claiming for damages resulting to Alpha from delays in delivery allegedly amounting to $184,416.08. Phelps Dodge eventually recovered judgment against both defendants for $136,392.71 plus interest in an amount of some $27,000, and the defendants have appealed. The real bone of contention in this lawsuit is over the interest allowed, as will become apparent later in this opinion.

The copper products supplied to Alpha were for its use on two REA telephone construction projects, one being in Kansas and the other in Oklahoma. The materials were furnished at an agreed price and payment therefor was due 30 days from date of invoice. It was admitted by the defendants that the copper products were delivered from November, 1964 to October, 1965, and the last date of delivery was found by the trial court to be October 22, 1965.

A motion for summary judgment was filed by Phelps Dodge, and in response thereto the trial court found that the total indebtedness due on account, as alleged in plaintiff's petition, was not in dispute but was admitted by the defendants. Accordingly the court ruled that the burden would rest on Alpha, when the case was tried, to go forward with the evidence on its setoff or counterclaim.

Pursuant to the court's ruling Alpha proceeded, at time of trial, to introduce evidence supporting its claim for delay damages. Trial was terminated June 28, 1967, when the parties stipulated to the following effect: Alpha was to have judgment entered for $57,000

on its claim for delay damages; judgment was to be entered for Phelps Dodge for $292,684.22 less Alpha's $57,000 setoff; the question of whether Phelps Dodge was entitled to interest was reserved for submission to the court at a later date; and execution on plaintiff's judgment was withheld pending receipt by Alpha of certain retainages due on its projects, to be paid on plaintiff's judgment.

A few months later the matter of plaintiff's right to recover interest was presented to the court, and on September 21, 1967, the court addressed the following letter to counsel for both sides:

"Gentlemen:

On the 6th day of September, 1967, the court heard argument as to the amount of interest due Phelps Dodge Copper Products Corporation from Alpha Construction Company.

After reading the briefs and studying the law, the court makes the following findings of fact and conclusions of law:

1. That the last delivery date to Alpha Construction was the 22d day of October, 1965.

2. That under the terms of the orders, the net balance due was within 30 days, or on or before the 22d day of November, 1965.

3. That the balance due as of November 22d, 1965, was $292,684.22, and that said sum liquidated as of the last said date.

4. That interest is due plaintiff at the rate of 6 per cent per annum from said date on the said sum, less the amount of set-off said set-off being in the sum of $57,000. It is therefore the court's conclusion that interest at the rate of 6 per cent annum is due plaintiff from defendant on the sum of $235,684.22, from the 22d day of November, 1965, until said sum is paid.

The court would appreciate a journal entry to this effect being drawn and submitted to counsel for signatures and sent to the court for signature and filing.

Sincerely,

/s/ A. B. Fletcher, Jr.
District Judge, Division 2"

Difficulty was encountered in preparing a satisfactory journal entry, and on November 17, 1967, Phelps Dodge filed a motion requesting the court to prepare and sign the order of judgment in the event disagreements of counsel could not be resolved. On December 6, 1967, a journal entry of judgment was filed with the clerk, signed by the court but not approved by counsel, reciting that judgment was entered for plaintiff on December 4, 1967, the judgment including interest from November 22, 1965, on the difference between the $292,684.22 due Phelps Dodge for merchandise sold and the $57,000 due Alpha for delay damages, with allowance being given for payments made by Alpha after June 28, 1967.

Additional facts will come to light throughout the course of this opinion.

The defendants' first contention is that the trial court erred in holding that the Phelps Dodge claim became liquidated as of November 22, 1965, and in allowing interest from that date on the balance, that is, on the difference between what was due Phelps Dodge and what was due Alpha. In support of this contention, Alpha argues that interest cannot be recovered on an unliquidated claim until the amount due thereon is ascertained, and that the amount ultimately due Phelps Dodge could not be ascertained until Alpha's claim for delay damages was settled, both as to liability and as to amount.

On the other hand, Phelps Dodge contends that its claim against Alpha for merchandise sold and delivered *was* liquidated on November 22, 1965, since the amount Alpha was to pay for the materials sold to it and the date of payment therefor were both definitely fixed by agreement of the parties. Such being so, Phelps Dodge maintains that only Alpha's claim for damages remained unliquidated and that its unliquidated setoff for damages will not prevent the accrual of interest on the balance due on plaintiff's liquidated claim.

As appears from the letter set out earlier in this opinion, the trial court accepted the view urged by Phelps Dodge, and in rendering judgment for Phelps Dodge included interest on the balance due on its account against Alpha, after deducting Alpha's stipulated damages. In so doing we believe the court was correct.

There has been no dispute as to what Alpha owed Phelps Dodge for goods sold and delivered, nor as to terms of payment. The agreed price was admitted by Alpha in response to a request for admissions and the date of payment was established by invoice as 30 days after date. The pleadings established that materials were supplied by Phelps Dodge from November, 1964 to October, 1965, the trial court found, without objection, that the final delivery date was October 22, 1965. Thus payment was due November 22, 1965.

Under the undisputed facts there can be little doubt that plaintiff's claim became liquidated as of November 22, 1965, thus entitling the plaintiff to interest. In the early case of *Gas Co. v. Schliefer*, 22 Kan. 468, this court held:

"An account showing the delivery of goods at a time stated, *prima facie* shows payment due at that time, and upon money due the creditor is entitled to recover interest." (Syl. ¶ 2.)

A similar holding is found in *Clogston v. White*, 127 Kan. 399, 273 Pac. 458, where the court, on page 400, said:

"The second error is based on the allowance of interest from the date the action was begun. The verdict of the jury was silent on the matter. However, it is settled law in this jurisdiction that where the amount due is upon contract express or implied, and there is no uncertainty as to the amount due, or as to the time when it was due, the omission of the jury to compute and allow interest is not fatal to its allowance. The court itself can compute and add it to the verdict and give judgment accordingly. . . ."

See, also, *Mills v. Mills*, 39 Kan. 455, 18 Pac. 521; *Farmers State Bank v. Crow*, 126 Kan. 395, 267 Pac. 1100; *Parks v. Snyder*, 126 Kan. 446, 268 Pac. 814.

Despite vigorous assertions on the part of Alpha that interest may not be allowed on the Phelps Dodge account so long as Alpha's claim for damages remained unsettled and undetermined, we do not believe such to be the controlling law. Although this court has never squarely passed upon this precise question, we think the overwhelming weight of authority is expressed in 47 C. J. S., Interest, § 19b, p. 31, in the following language:

"Ordinarily, where the amount of a demand is sufficiently certain to justify the allowance of interest thereon, the existence of a set-off, counterclaim, or cross claim which is unliquidated will not prevent the recovery of interest on the balance of the demand found due from the time it became due."

Cases from numerous jurisdictions support the rule. It was applied in *Dickinson Fire Etc. Brick Co. v. Crowe & Co.*, 63 Wash. 550, 115 Pac. 1087, where suit was brought to recover the balance due on bricks sold to a contractor, and a setoff was claimed for the expense of cleaning and sorting bricks which were rejected. In considering the matter of interest the court stated:

"It is finally said that the court erred in allowing interest prior to the date of the entry of the judgment. There is nothing in the record to indicate that the parties did not contemplate a cash sale. The purchase price was agreed upon prior to the date of the first shipment. Interest is allowable on a liability to pay money from the time the demand accrues, where the amount can be ascertained by computation. *Parks v. Elmore*, 59 Wash. 584, 110 Pac. 381. The existence of a set-off or counterclaim, which is unliquidated, will not prevent the recovery of interest on the balance of the demand found due from the date of its maturity. . . ." (p. 554.)

The Dickinson case was cited in *Mall Tool Co. v. Far West Etc.*, 45 Wn. (2d) 158, 273 P. 2d 652, where the court discussed the rule concerning interest in these words:

"An unliquidated counterclaim, even when established, does not affect the right to interest prior to judgment on the amount found to be due on a

liquidated or determinable claim, since the debtor may not defeat the creditor's right to interest on such a claim by setting up an unliquidated claim as a set-off. . . ." (p. 177.)

The California court in *Burgermeister Brewing Corp. v. Bowman,* 227 C. A. 2d 274, 38 Cal. Rptr. 597, had this to say on the subject:

". . . It is settled that when a plaintiff sues for a liquidated sum and the defendant establishes an offsetting claim based upon defective workmanship or defective performance of the same contract by the plaintiff, the amount of the former is to be offset against the latter *as of the due date of the original debt* and only the balance bears interest." (p. 285.)

For further authorities on the subject, see annotations in 3 A. L. R. 809 and 89 A. L. R. 678, entitled Reduction of claim under contract as affecting right to interest.

The defendants insist that the Phelps Dodge claim for materials sold and delivered was not a liquidated claim, simply because the extent of delay damages, if any, had not been determined, and they say further that cases decided by this court in ages past, and which are cited in their brief, support them in that view. We believe, however, that the defendants mistake the import, if not the plain language, of our prior cases.

It is said that *Bridgeport Machine Co. v. Hopper,* 134 Kan. 205, 5 P. 2d 832, is an identical case. A reading of that case proves otherwise. Although Bridgeport sued to recover on an account for merchandise sold, the defendant's answer placed the accuracy of the account in issue, as well as asserting a claim for damages. Before evidence was introduced, agreement was reached on the amount due on plaintiff's account, which was said to be $500 or $600 less than sued for. In this situation interest was not allowed Bridgeport, the court saying, on page 210:

". . . Until this stipulation was filed, the pleadings definitely presented a question of fact for the jury involving overcharges and unwarranted charges in which situation it cannot be said that the plaintiff was entitled to interest on the part that withstands such attack."

Reliance is also placed on *Columbian Fuel Corp. v. Panhandle Eastern Pipe Line Co.,* 176 Kan. 433, 271 P. 2d 773, where plaintiff sued to recover interest on an amount due it for gas under a temporary order of the Corporation Commission, but which amount was impounded pending the Commission's decision as to a final order. The denial of interest in that case was predicated on the ground that the amount due plaintiff was not fixed or certain until the Commission's order was made permanent, for until that time

the temporary order could have been modified or even abrogated.

We shall not attempt to distinguish other cases from Kansas and elsewhere cited by plaintiffs, including those from Oklahoma, for to do so would unduly burden the pages of our reports. It is sufficient to say we have read them and that in our opinion they do not sustain the defendants' position.

We are aware, as plaintiff has pointed out, there is respectable legal authority that under some circumstances interest in its entirety may be recovered on a liquidated claim even though it be faced by a claim not liquidated. However, Phelps Dodge has not cross appealed from the judgment entered below and consequently we need not elaborate on what those circumstances might be.

The second point raised by defendants is admittedly somewhat technical in character. As we understand the defendants, they contend, basically, that the trial court was without jurisdiction on December 4, 1967, to render judgment for interest.

To support that position they first put forth this argument: (1) that on June 28, 1967, it was stipulated that judgment be entered in Alpha's favor for $57,000 on its claim for damages and judgment be entered in plaintiff's favor for $292,684.22, this being the face amount of its claim, less the $57,000 setoff, and the question of interest be reserved for future submission to the court; (2) that on June 30, 1967, the clerk noted the judgments in the appearance docket by the following entry:

"June 30, 1967 Filing 'Extract Transcript of Proceedings' had on 27-28 June, 1967, Judgment against Alpha Cons. Co. & The Fidelity & Casualty Co. of N. Y.—Amount $292,684.22 and Judgment against Phelps Dodge Copper Products Corp. Amount $57,000.00.";

(3) that the clerk's notation constituted the entry of final judgment under the provisions of K. S. A. 60-258; and (4) that the court thus had no power to render an additional judgment for interest.

While this may be an ingenious, as well as a technical argument, we believe it utterly fallacious. In the first place the clerk's notation was not at the direction of the court and, in our opinion, was neither authorized nor effective as an entry of judgment under K. S. A. 60-258. So far as pertinent to the point under consideration, 60-258 provides as follows:

". . . When the judge directs that a party recover only money or costs or that all relief be denied, the clerk shall enter judgment forthwith upon receipt by him of the direction . . .

"If judgment is to be entered on the verdict of a jury, *or by direction of the*

*judge forthwith,* the clerk shall make a notation of the judgment on the appearance docket as provided by section 60-2601, and such notation shall constitute the entry of judgment . . ." (Emphasis supplied.)

The record discloses no action by the court on or prior to June 30, 1967, directing the entry of any judgment. On the contrary, in a letter sent to counsel on February 7, 1968, the court declared it did not at that time direct the entry of any judgment of record. It would appear to us the clerk was merely noting what the parties had stipulated, and even so omitted an essential part respecting interest. The clerk's voluntary act does not constitute the entry of judgment within the contemplation of the statute.

Defendants also suggest that the following entries made by the clerk on October 16, 1967, amount to the entry of judgment:

"Oct. 16, 1967, Judgment of June 30, 1967 entered against Alpha Construction Co.—Judgment Docket 'H' Page 5.

"Oct. 16, 1967, Judgment of June 30, 1967 entered against The Fidelity and Casualty Co., of New York, Judgment Docket 'H' Pages 79 & 269"

The court's version of what occurred is as follows: The clerk called the court on October 16, 1968, as to whether judgment should be shown on the docket and was advised by the court that stipulation as shown by the transcript of June 30, 1967, was a judgment as to the principal sum *and that the question of interest was left to be resolved at a subsequent date.*

Assuming that the October 16 notations were made at the *direction* of the judge, it is clear that the clerk failed to include an integral part of the judgment as it had been explained to her. Her omission in such regard cannot be held to bind Phelps Dodge, to its prejudice. To hold otherwise would result in grave injustice.

In actual fact, the only judgment entered in strict accordance with K. S. A. 60-258 was that of December 4, 1967, as shown in the December 6 journal entry which spells out the judgment in its entirety, including the interest due plaintiff on the balance of its account.

If controversy between these parties can be said to add anything of value to the jurisprudence of this state in the area of entering judgments, it is simply this: That extreme care should be taken in that area and that the provisions of K. S. A. 60-258, as suplemented by Rules of the Supreme Court No. 16, 201 Kan. xxvii should be thoroughly studied, digested, referred to and followed by both bench and bar.

The defendants also say the court had no power to split the plaintiff's cause of action into multiple causes of action and enter-

an additional judgment for interest, and that the parties could not confer such power upon the court by agreement. We do not consider the court's judgment allowing interest on the balance due on plaintiff's account as splitting a cause of action or as being a separate and additional judgment. K. S. A. 16-201 provides that creditors should be allowed interest on money after it becomes due, and in *Clogston v. White,* supra, and *Farmers State Bank v. Crow,* supra, this court held that where a jury fails to include interest in its verdict the court may compute the same and add it to the verdict, provided the facts necessary to its mathematical computation are available.

After reading the cases cited by defendants we find they involve entirely different factual situations than that presented here, and they are not in point.

The practice of reserving questions for future determination is not new or novel in this jurisdiction. The right of reservation has been recognized both by our former Code of Civil Procedure (G. S. 1949, 60-3102), and by the present Code of Civil Procedure (K. S. A. 60-254 [*b*]) where the intent to reserve is clearly expressed and the questions or claims reserved are spelled out, it being the object of both statutes, as stated by Judge Gard in Kansas Code of Civil Procedure, Annotated "to dispose of all the claims in the one case but not necessarily all at the same time." (p. 251.) This court, in past decisions, has also sanctioned the practice. (See *Marshall v. McNeill,* 134 Kan. 197, 5 P. 2d 859; *Morton v. Morton,* 149 Kan. 77, 86 P. 2d 486; *Hoffman v. Hoffman,* 156 Kan. 647, 135 P. 2d 887; *Gates v. Gates,* 160 Kan. 428, 163 P. 2d 395, *Meenen v. Meenen,* 180 Kan. 779, 308 P. 2d 158.)

A further contention has been advanced to the effect that Phelps Dodge is estopped to claim interest on the basis of acquiescence. This dubious claim is predicated on the fact that Phelps Dodge received two remittances from Alpha, apparently the fruits of retainages received by Alpha, to be applied on the judgment. This can hardly be termed acquiescence in a judgment not yet entered. Moreover, the claim comes with exceptionally poor grace from the defendants in view of the following portions of their own stipulation:

"Mr. SANDERS:   . . .

"Shall it further be stipulated and agreed that execution upon the judgment shall be withheld until the retainage has been received from the Oklahoma-Salina REA Coop and the Wilsey, Kansas, REA Coop. Is that the agreement, gentlemen?

"Mr. HEILMAN: It is.

"MR. SANDERS: It being specifically agreed and understood by both parties that in the event Alpha collects the retainage and fails to remit, that then and in that event there shall be an execution for the full amount, and that after the retainage is paid, if the balance is not paid, then an execution shall be issued for the balance due."

We shall say no more as to this untoward contention than that under the circumstances we find no action on plaintiff's part which would estop Phelps Dodge in any way from enjoying the fruits of the December 4 judgment, including interest.

No error appears in the judgment entered by the trial court and the same is affirmed.