No. 46,341

Louis Bartlett, Father and Heir at Law of Dean L. Bartlett, Deceased, and Vernon A. Elliott, Father and Heir at Law of Vernon A. Elliott, Jr., Deceased, *Appellees* and *Cross-Appellants*, v. Marinas Heersche, d/d/a Wichita Big River Sand Company, and Davis Corporation, *Appellants* and *Cross-Appellees*, and Iowa Mutual Insurance Company of DeWitt, Iowa, *Defendant* and *Cross-Appellee*.

(496 P. 2d 1314)

Opinion filed May 6, 1972.

*Fred A. Beaty*, of Beaty, Hodge and Wood, of Wichita, and *H. E. Jones*, of Hershberger, Patterson, Jones and Thompson, of Wichita, argued the cause and were on the brief for the appellants and cross-appellees.

*John C. Frank*, of Wichita, argued the cause, and *Patrick F. Kelly* and *Lloyd M. Kagey*, of Wichita, were with him on the brief for the appellees and cross-appellants.

The opinion of the court was delivered by

SCHROEDER, J.: The question presented by this appeal is the amount of interest payable on a judgment entered in a wrongful death action on November 17, 1967. The validity of the judgment and the order of the trial court respecting the two contending defendants was before this court in *Bartlett v. Heersche*, 204 Kan. 392, 462 P. 2d 763.

The plaintiffs brought an action as parents and heirs at law for the wrongful deaths of two of their minor children, who drowned in a sandpit, against the defendants as joint tortfeasors. The defendant Davis Corporation cross-claimed against its co-defendant, Marinas Heersche, d/b/a Big River Sand Company, alleging an agreement by Heersche to indemnify the Davis Corporation for any damages arising from the operation of a sandpit within the corporate limits of the city of Wichita, in which the plaintiffs' children were drowned.

After the trial of the matter in the district court, the jury on the 17th day of May, 1967, returned its verdict in favor of the plaintiff Bartlett and against the defendants jointly in the amount of $26,-175.17, and in favor of the plaintiff Elliott and against the defendants jointly in the amount of $25,848.85.

After liability to the plaintiffs was determined by the jury, the trial court determined the controversy between the defendants, and it was not until the 17th day of November, 1967, that the journal entry of judgment was filed. Judgment was entered for the plaintiffs in accordance with the jury's verdict and provided that interest was payable thereon at the rate of 6% per annum from November 17, 1967, together with the costs of the action.

The defendant Davis Corporation duly perfected an appeal from the judgment of November 17, 1967, and prior orders adverse to it wherein the trial court dismissed the cross-petition of the Davis corporation against the defendant Heersche. Heersche also appealed from the judgment of November 17, 1967. In that appeal to the Supreme Court the judgment against the two defendants was affirmed on December 23, 1969. However, the trial court's order entered on November 7, 1967, dismissing the Davis Corporation's cross-petition against Heersche was reversed. (*Bartlett v. Heersche*, supra.)

It is to be noted the foregoing appeal by the defendants to the Supreme Court did not raise any question concerning the interest payable on the judgment entered November 17, 1967.

After the mandate was filed, the Davis Corporation on February 9, 1970, filed a motion for summary judgment on its cross-petition against Heersche or, in the alternative, for immediate trial to the court and for an order staying execution or enforcement of the judgment against the defendants, under the provisions of K. S. A. 60-254 (*b*) or K. S. A. 60-262 (*g*). On the 20th day of February, 1970, the trial court conducted a hearing at which time it ordered that the Davis Corporation:

". . . shall pay into court the sum of $29,538.63 which represents one-half the judgment entered on behalf of plaintiffs plus interest at the rate of 6 percent per annum to and including this date, and shall pay into court the sum of $5.00 per day for each day after February 20, 1970, until paid. Such payment shall, however, not prejudice the rights of Davis Corporation in its claims against defendant, Marinas Heersche, in any way.

"The court further finds that plaintiffs may draw down monies paid in by defendants without prejudice to the claim of plaintiffs that they are entitled to interest at the rate of 8 percent per annum rather than 6 percent per annum from July 1, 1969, until the payments ordered herein are made."

Counsel for the plaintiffs refused to approve the order made on the 20th day of February, 1970, and on March 2, 1970, the Davis Corporation filed a motion asking that the order be entered without the approval of counsel for the plaintiffs. It was subsequently entered without approval of counsel for plaintiffs on May 4, 1970.

On the 9th day of February, 1970, Heersche through his insurance carrier paid the amount of his judgment into the clerk of the district court, and on the 26th day of February, 1970, the Davis Corporation paid the amount of the judgment against it into the clerk of the district court.

It was after the hearing on February 20, 1970, but prior to the time the journal entry was filed, that counsel for one of the plaintiffs filed a praecipe for execution of order for sale which indicated judgment of $61,258.67 less $29,522.64 (the amount of the payment by Heersche) and showing a judgment due of $31,736.03, almost $2,000 more than the amount of the court order pursuant to the hearing on February 20, 1970. The execution was not actually issued, but was withheld at the request of the attorney who signed the praecipe for execution. It is to be noted this increased amount

took into consideration for the first time interest calculated from the 17th day of May, 1967, rather than November 17, 1967.

The plaintiffs never filed a motion asking for relief from nor modification or amendment of the judgment dated November 17, 1967, or the order of February 20, 1970, and no appeal was taken from either of them. The plaintiffs did contend that the statute, effective July 1, 1969, increasing the interest rate from 6% per annum to 8% per annum operated to allow plaintiffs interest at the rate of 8% per annum rather than 6% per annum from July 1, 1969, until the judgments were paid. (K. S. A. 1971 Supp. 16-204.) That contention was made orally at a time when the defendants concede the matter was properly before the court (February 20, 1970), and it was set for hearing on May 19, 1970.

On the 12th day of October, 1970, the court ordered that interest would run until the date of April 24, 1970, the date on which the plaintiffs were first permitted to draw down from the clerk of the district court the face amount of the judgments. The court further ordered interest at the rate of 6% per annum from November 17, 1967, to July 1, 1969; and interest from July 1, 1969, to April 24, 1970, at the rate of 8% per annum.

The defendants filed their joint notice of appeal from the order of October 12, 1970, modifying the judgment entered and affirmed in the cause, and the order made and entered on February 20, 1970. The plaintiffs filed their notice of cross-appeal from the order of October 12, 1970, stating that the order denied the plaintiffs statutory interest from the date of the jury verdict on May 17, 1967, and denied plaintiffs interest on the judgment at 8% from the date of the verdict as provided by law.

The plaintiffs have abandoned their claim for interest at the rate of 8% from May 17, 1967, to July 1, 1969, in their brief.

To avoid confusion we shall continue to refer to the parties as plaintiffs and defendants throughout this opinion.

The first three points asserted by the plaintiffs on appeal are stated in this fashion:

"1. Where a jury returns a general verdict for damages and the verdict is entered upon the appearance docket of a trial court forthwith, as provided by K. S. A. 60-258 (a), in an action in which multiple claims were presented under K. S. A. 60-213 (g), but in which the multiple claims were separated for trial pursuant to K. S. A. 60-242 (b), does the entry of the verdict upon the docket constitute the effective date of judgment for the purpose of computation of interest?

"2. Are the provisions of K. S. A. 60-254 (*b*) pertaining to the finality of judgments upon multiple claims applicable to the effective date of a jury verdict in the separate trial of one of the claims, where no prejudice to the disposition of the other claims is presented by the verdict in the trial of the former?

"3. Does a trial court retain jurisdiction of an action under K. S. A. 60-254 (*b*) where multiple claims are present until entry of judgment adjudicating all such claims?"

The foregoing questions may eventually require this court's determination, but the failure of the plaintiffs to raise these questions on appeal from the order of November 17, 1967, when the matter was originally brought to this court, precludes their consideration. In an effort to circumvent this failure the plaintiffs assert the order of November 17, 1967, insofar as it refers to the interest to which the plaintiffs were entitled, was void, and as a nullity it may be attacked collaterally at any time. ( Citing, *In re Estate of Cornelison*, 178 Kan. 607, 290 P. 2d 1016.) They contend that the order was void and of no effect because:

". . . it was in contradiction of section 16-204 which provided that 'All judgments of courts of record . . . shall bear interest from the day on which they are rendered,' and section 60-258 which provides in pertinent part, 'judgment upon the verdict of a jury shall be entered forthwith.' Furthermore, plaintiffs submit that the deprivation of interest on the verdict from the date of its entry constituted a contravention of *Article 18 of the Bill of Rights of the Constitution of the State of Kansas* . . . and the *Fourteenth Amendment to the Constitution of the United States.* . . ."

We fail to see merit in this argument. The trial court construed the sections of the statute asserted by the plaintiffs when it entered judgment on November 17, 1967. It had the power to enter an erroneous judgment as well as the power to enter a correct judgment concerning the date from which interest was payable on the judgment. No appeal having been taken by the plaintiffs on the question of interest, they cannot be heard at this time to assert interest *is* payable from May 17, 1967. Under the circumstances the plaintiffs must be content to accept interest from the date of November 17, 1967.

The defendants contend the court erred in ordering interest to be paid until April 24, 1970.

On the 20th day of February, 1970, the court ordered paid into court that portion of the judgment and interest which had not previously been paid into court. The defendants complied on February 26, 1970, and the money was available to the plaintiffs at any time thereafter. The delay encountered in procuring an order

from the court permitting the plaintiffs to draw down the funds paid into court on the judgment was attributable to the dilatory tactics of the plaintiffs.

Once a judgment debtor pays the full amount of money payable on a judgment into court, interest is not recoverable on the monies deposited in court. The general rule goes even further—when a fund of money is deposited with the court, and cannot be paid out without an order of the court, the fund will not bear interest during such time as it is within the custody of the court. (*Metropolitan Water Dist. v. Adams,* 32 C. 2d 620, 197 P. 2d 543; *City of Barnsdall v. Curnutt,* 201 Okl. 508, 207 P. 2d 320; and 47 C. J. S., Interest, § 54.) During such time neither party has use of the funds. (*Beaudry v. Favreau,* 99 N. H. 444, 114 A. 2d 666.)

Did the trial court apply the proper rate of interest payable on a judgment?

K. S. A. 16-204, as amended (now K. S. A. 1971 Supp. 16-204), effective July 1, 1969, states:

"All judgments of courts of this state shall bear interest from the day on which they are rendered, at the rate of eight percent (8%) per annum, except as otherwise provided."

In material part 16-204, prior to amendment, was worded identically, except that it called for the payment of interest on judgments at the rate of 6% per annum.

A settled principle of statutory construction requires that statutes be given prospective operation only, unless contrary legislative intent is expressed clearly, or necessarily implied from the language used. (*Lyon v. Wilson,* 201 Kan. 768, 774, 443 P. 2d 314, and cases cited therein.) Consistent application of this rule, in respect to fact situations involving fixed rights accrued under statutes prior to amendment, requires its application here.

Nothing in the language used in 16-204, as amended, either plainly states an intention the new statute shall operate retrospectively, or by necessary implication requires such construction. On the contrary, the language that judgments shall bear interest "from the day on which they are rendered" at 8% per annum suggests that it be applied prospectively only. In other words, as we construe the statute, it is only judgments entered on July 1, 1969, and thereafter that bear interest at 8% under 16-204, as amended. The judgment entered on November 17, 1967, decreed interest payable at the rate of 6% per annum from such date

in accordance with 16-204, prior to its amendment, and such judgment is not affected by the amendment.

We have been cited to no Kansas case directly in point, and our research has disclosed none. But a case in point is *Sunray DX Oil Co. v. Great Lakes Carbon Corp,* 476 P. 2d 329 (Okla. 1970), supplemental opinion on rehearing at page 344. After reviewing the authorities from other jurisdictions and the various theories advanced, the Oklahoma Supreme Court concluded the law of Oklahoma on the point to be as we construe 16-204, *supra.* For a related, but distinguishable, case on interest, see *Phelps Dodge Copper Products Corp. v. Alpha Construction Co.,* 203 Kan. 591, 455 P. 2d 555.

An annotation on the retrospective effect of statutory interest on judgments and verdicts appears in 4 A. L. R. 2d, § 10, p. 949. The wording of the various statutes affecting interest in the cases discussed is not indicated. However, it does reveal the authorities are divided as to the retrospective effect of a change in the statutory rate of interest permitted on a judgment. (See, also, A. L. R. 2d Later Case Service Supplementing 1-6 A. L. R. 2d, at page 542.)

We conclude the plaintiffs are entitled to interest at the rate of 6% per annum on their judgments from and after November 17, 1967, until February 26, 1970, when the full amount of these judgments was finally paid into court.

The judgment of the lower court is affirmed as modified.

PRAGER, J., dissenting: I respectfully dissent from Syl. ¶ 3 and the corresponding portions of the opinion which deny interest on the judgment at the rate of 8% per annum after July 1, 1969. Interest is the compensation allowed by law, or fixed by the parties, for the use, detention, or forbearance of money. Legal interest has been defined as the rate of interest prescribed by law and prevailing in the absence of contract between the parties fixing the rate. In *McDermott v. Sterling,* 133 Kan. 521, 1 P. 2d 78, we stated that interest not contracted for is allowed by way of damages for non-payment of money. We further stated that the interest statute prescribes the receivable rate when there is no agreement and the rate judgments shall bear. As pointed out in the opinion of the majority there is a split of authority on the application and effect of a statute changing the rate of interest allowed on judgments. The

two line of cases on this subject are discussed in 45 Am. Jur. 2d, Interest and Usury, § 11, as follows:

"Where courts treat judgments as contractual, the interest rate provided has been held not to be affected by subsequent statutes changing the rate of interest, but many courts regard the allowance of interest on judgments as a matter of statutory grace, and hold that a state, without impairing the obligation of contracts, may reduce the rate of interest on judgments previously obtained in its courts, or may decree that all interest on judgments shall cease to accrue. The theory upon which this view is based is that interest on judgments is not a matter of contract, but is an obligation implied or imposed by law, and that the right to receive interest depends entirely upon what the state chooses to prescribe."

In the case at bar I would interpret K. S. A. 1971 Supp. 16-204 to permit the recovery of interest at the rate of 8% per annum on all judgments rendered both before and after the effective date of the statute July 1, 1969. I would hold to this rule for the following reasons:

(1) I know of no decisions of this court holding that a judgment entered in an action to recover damages for personal injuries is contractual in nature. Hence the rationale of the cases which refuse to apply new statutory interest rates to existing judgments would not be applicable to Kansas.

(2) Since the purpose of interest allowed as damages is to compensate for nonpayment of money due but not paid, there appears to me to be no logical distinction to be made between a judgment entered before July 1, 1969, and a judgment entered thereafter. In each case money is due and unpaid and the same legal rate of interest prescribed by the legislature should logically apply.

(3) The wording of K. S. A. 1971 Supp. 16-204 does not justify a classification of judgments based upon the date of their rendition and the effective date of the statute. The statute states categorically *"all judgments"* of courts of this state shall bear interest from the day on which they are rendered, at the rate of 8% per annum, except as otherwise provided. In my opinion the words "all judgments" mean exactly what they say without regard to the date the judgment is entered. In this regard see the definition of "judgment" contained in K. S. A. 60-254 where a judgment is defined as "the final determination of the rights of the parties in an action." The words in the statute "from the day on which they are rendered" are there for the sole purpose of establishing the time from which interest on a judgment is to be calculated. The phrase was not included in the statute to differentiate between various judgments rendered at different times in our courts.

(4) An examination of the relevant cases on this point which are set forth in 4 A. L. R. 2d 949 to 952, discloses that the majority of the cases regard the allowance of interest on judgments as a matter of statutory grace, and hence have held the rate of interest subject to later change by law, the change taking effect from the date of the statute.

(5) Finally, I have no quarrel with the opinion of the majority that the statute should be given prospective rather than retrospective effect. The effective date of the statute is July 1, 1969. I would apply the statute to all judgments as of that date and allow interest at 8% after that date. It would not give a retrospective effect to the statute by applying the law to "all judgments" existing on July 1, 1969, and entered thereafter.

I would affirm the trial court without modifying its finding that interest should be allowed at the rate of 8% per annum from July 1, 1969, until the judgment was paid.

FONTRON and OWSLEY, JJ., join in the foregoing dissenting opinion.