CITY OF BARNSDALL v. CURNUTT.

No. 33373.     May 17, 1949.

Rehearing Denied June 21, 1949.

*207 P. 2d 320.*

Hamilton & Kane, of Pawhuska, for plaintiff in error.

Worten & Worten, of Pawhuska, for defendant in error.

WELCH, J. This action was commenced by Mabel Curnutt, administratrix of the estate of H. M. Curnutt, deceased, against the city of Barnsdall,

Okla., a municipal corporation, for damages for an alleged wrongful detention of money.

Essential facts are as follows: In a former action in the same court, No. 17677, City of Barnsdall v. Cities Service Oil Co. et al., there was a dismissal with prejudice under an agreement whereby the defendant companies paid into the registry of the court for plaintiff the sum of $35,000. Under an order of the court, and in accord with the agreement in settlement of the case, a portion of the fund was paid out to the city of Barnsdall, and a portion to attorneys then representing the city, and the balance of the fund, the sum of $10,000, was ordered to be held by the clerk of the court, "until the final determination of the claim of the estate of H. M. Curnutt, deceased," for attorney's fee. H. M. Curnutt had represented the city, in negotiations with the defendants before the filing of the suit and at the time of the filing of the suit, under an agreement with the city that he was to receive a certain percentage of any recovery. His death occurred shortly after the suit was filed.

The plaintiff here then intervened in said former cause, claiming said sum so held by the court, and upon trial obtained an order and judgment of the court allowing her claim to the $10,000 fund as attorney's fee for services performed by her decedent. The city of Barnsdall perfected an appeal, and the judgment, after being modified or reformed as to the interest item, was by this court affirmed. City of Barnsdall v. Curnutt, 198 Okla. 3, 174 P. 2d 596.

The mandate of this court was filed in the district court and the clerk paid out to the plaintiff the said sum of $10,000.

Subsequently, the present action was instituted. The plaintiff asserted that defendant by its appeal from the judgment entered in No. 17677 wrongfully caused the sum of $10,000 to be withheld from her to the damage of the estate in the sum of $1,800 as interest for the period of time the said sum was withheld.

The defendant filed a demurrer to plaintiff's petition and thereafter an answer denying any liability to plaintiff.

The case was submitted to the court upon stipulations of fact and record evidence reflecting the state of facts hereinabove set forth. Judgment was rendered in favor of the plaintiff and against the defendant for the sum of $1,800 and costs. The defendant appeals.

As hereinbefore noted, and as was noted in City of Barnsdall v. Curnutt, supra, the plaintiff did not seek or recover a personal or money judgment against the defendant in case No. 17677. The judgment was no more than an allowance of attorney's fees out of funds in the hands of the court and a decree for payment thereof. As affecting the defendant, the judgment was a denial of defendant's plea that plaintiff's claim for attorney's fee was excessive. The judgment was not of the effect of a money judgment against the defendant, and such as that contemplated by the statute which provides that judgments shall bear interest from the day on which they are rendered. Although the claim of the plaintiff was based on the performance of an agreement to render services on behalf of the defendant and the defendant made denial of the performance of services of the value claimed, the proceeding was a special proceeding to establish the claim as a lien claim upon the funds and for enforcement thereof, and not an action on contract for money judgment against the defendant. As against the defendant the judgment rendered went no further than to establish plaintiff's superior claim to funds in custodia legis.

The judgment here appealed from cannot be sustained on the theory that the plaintiff recovered an interest bearing judgment against the defendant in case No. 17677.

The plaintiff in her brief states:

"The cause of action in the case at bar is for damages for wrongfully causing our money to be withheld from us after judgment had been rendered directing that it be paid to us."

Upon adjudging the plaintiff to be entitled to the funds held in custody in case No. 17677, the court ordered the clerk to pay out such funds to the plaintiff, but before payment and after the defendant had given notice of intention to appeal, the court by order directed the clerk to refrain from disbursing the funds until final determination of the case. The funds were held in the registry of the court until after determination of the appeal.

The stay order, or the order that payment not be made until final determination of the case, was an exercise of discretion by the court not controlled by any act of the defendant, and was in keeping with the language and purpose of the original order holding the money in the hands of the clerk of the court.

The defendant had a right to appeal from the judgment entered in case No. 17677. There is no charge made in the pleadings or by the proof herein that the appeal was frivolous or malicious. In fact, the appeal was in part successful as the city of Barnsdall obtained partial reversal of the judgment or modification thereof by deletion of the portion thereof purporting to require payment of interest by the city.

The fact that the defendant failed to obtain a complete reversal, or reduction of the principal sum of the judgment, does not brand the appeal as a wrongful act in the sense that it consisted of a violation of duty to the appellee. The defendant had no direct control over the funds in the hands of the court and the judgment awarding the funds to the plaintiff created no obligation on the part of the defendant to pay such an amount to the plaintiff from funds within its control. The defendant owed no duty to plaintiff to cause execution of the judgment and owed no duty to refrain from exercising its right to appeal. The fact that the appeal may have influenced the court to stay the order for payment and to thereby hold the fund for final determination as contemplated by the original fund holding order; and the further fact that the stay may have caused injury to the plaintiff in the loss of the use of the funds pending the appeal, does not give rise to a cause of action against the defendant, not guilty of any wrongdoing in lodging the appeal.

It is the rule that when money is paid into court in compliance with an order of interpleader, and cannot be paid out without an order of court, and the contending parties litigate between themselves as to their rights to the fund, the successful party may not recover interest from the unsuccessful party. 30 Am. Jur. 233 §27.

And this rule has been held to apply even when the unsuccessful party has given a supersedeas bond on appeal. In Franklin Bank v. Bruns, 84 Ohio St. 12, 95 N. E. 385, Ann. Cas. 1912 B, 1002, it was held:

"Where a particular fund is paid into court in compliance with its order of interpleader, and various claimants litigate between themselves as to their rights to the fund, a decree distributing the fund will not bear interest, and an intervening claimant who prosecutes error to that decree in good faith, and gives a supersedeas bond to stay execution cannot be compelled, in a suit on the bond, to pay interest on the fund or any part of it."

The note in Ann. Cas. supra, makes this statement, " . . . the general rule is that when the fund is paid into court and cannot be paid out without an order of court, such fund will not bear interest during such time as it is within the custody of the court," and supporting decisions from many states are cited.

The judgment appealed from is reversed, and the cause remanded, with directions that the case be dismissed.