2009 OK 20

**Dylan WELCH and Hillary Welch, Plaintiffs/Appellants,**

v.

**Mary Kay CROW, Gary V. Morgan and Jean Ann Morgan, Trustees of the Betty J. Neighbors Revocable Trust Dated April 12, 1995, Defendants/Appellees.**

No. 104,914.

Supreme Court of Oklahoma.

March 31, 2009.

---

**32.** *Hiskett v. Wells, supra* note 5, at ¶ 0 syl. 1, 351 P.2d at 304; *Atlas Coal Co. v. Corrigan, supra*

note 9, at ¶ 0 syl. 2, 296 P. at 963.

George M. Miles, Tulsa, OK, for Plaintiffs/Appellants.

Ron Wright, Muskogee, OK, for Defendant/Appellee Mary Kay Crow.

Craig W. Hoster, Julie Stanley, Tulsa, OK, for Defendants/Appellees Gary V. Morgan and Jean Ann Morgan.

KAUGER, J.:

¶1 The issues presented are whether: 1) 84 O.S.2001 § 132[1] is applicable to revocable *inter vivos* trusts; and 2) a trust with the same person as sole trustee and only vested present beneficiary, which also provides for a contingent beneficiary, is illusory. We hold that § 132 is not applicable to revocable *inter vivos* trusts and a trust is not illusory merely because the same person is the sole trustee and only vested present beneficiary if it provides for at least a contingent beneficiary.

## FACTS

¶2 On April 12, 1995, Betty J. Neighbors (Neighbors) created the Betty J. Neighbors Revocable Trust (the Trust), of which she was the sole trustee and only vested beneficiary during her life. Upon its creation, some of her property was conveyed into the Trust.[2] The terms of the Trust provided that at the time of her death, the successor trustees were to be her daughters, Jean Ann Morgan and Mary K. Crow, and her son-in-law, Gary V. Morgan (collectively, the trustees).[3] After the Trust paid the expenses of the estate, the remaining principal and income were to be distributed to Jean Ann Morgan and Mary K. Crow in equal shares.[4]

¶3 Neighbors also executed her Last Will and Testament on April 12, 1995. The will recognized that Neighbors had four children: Jean Ann Morgan, Mary K. Crow, Jerry Welch, and Martin Welch. Martin Welch was deceased at the time of the will's execution. Dylan and Hillary Welch (collectively, the grandchildren), the appellants in this cause, are Martin Welch's children. The will provided that at the time of her death, the entirety of her estate was to be distributed to

---

1.  Title 84 O.S.2001 § 132 provides:

    When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section.

2.  Declaration and Agreement Creating the Betty J. Neighbors Revocable Trust, Article 1.1, Record p. 11, provides in pertinent part:

    The initial corpus and principal of this trust shall be that real and personal property as shown on Exhibit "A" attached hereto which Trustor hereby transfers to the Trust. . . .

    Because Exhibit "A" was not included in the appellate record, it is not clear what property was conveyed to the Trust at the time of its creation.

3.  Declaration and Agreement Creating the Betty J. Neighbors Revocable Trust, Article 3.2, Record p. 12, provides in pertinent part:

    In the event that Trustor shall resign or be unable or unwilling for any reason whatsoever to serve as Trustee, or if a duly licensed physician shall certify in writing that Trustor is physically or mentally incapacitated, the Trustor's daughters, JEAN ANN MORGAN and MARY K. CROW, and Trustor's son-in-law, GARY V. MORGAN shall serve as Successor Trustees. . . .

4.  Declaration and Agreement Creating the Betty J. Neighbors Revocable Trust, Article 1.3, Record p. 12, provides in pertinent part:

    Upon the death of Trustor, Trustee shall make payment of taxes, expenses for medical care of Trustor, Trustor's funeral expenses, and expenses of the administration of Trustor's estate. Thereafter, this Trust shall terminate and the remaining principal and undistributed income shall be distributed free of trust to Trustor's daughters, JEAN ANN MORGAN and MARY K. CROW, in equal shares without restriction, with the descendants of a deceased daughter representing and taking, per stirpes. If either of the Trustor's daughters shall predecease Trustor and leave no descendants, then the share for such deceased daughter shall be distributed to the surviving daughter or her descendants, per stirpes.

the Trust.[5]  If the Trust were not in existence at the time of her death, the will provided that Jean Ann Morgan and Mary K. Crow take the entirety of her estate in equal shares.  This provision of the will expressly omitted Jerry Welch.[6]

¶ 4 Neighbors died on May 19, 2000.  In a separate probate action filed in Wagoner County, a March 31, 2006, order admitting the will to probate determined that Jean Ann Morgan, Mary K. Crow, Jerry Welch, and the grandchildren were Neighbors' heirs-at-law and that the grandchildren were pretermitted heirs as defined by 84 O.S.2001 § 132.[7]

¶ 5 On June 7, 2006, the grandchildren filed a petition in Wagoner County District Court, asking the court to determine that either they had a statutory share in the Trust and were entitled to an accounting by the trustees or, in the alternative, that the Trust was illusory.  On September 29, 2006, the grandchildren moved for summary judgment.  Gary Morgan and Jean Ann Morgan responded to the grandchildren's motion for summary judgment and moved for summary judgment on October 17, 2006.  Mary K. Crow also responded to the grandchildren's motion for summary judgment and moved for summary judgment on October 23, 2006.

¶ 6 On June 5, 2007, the trial court held a hearing on the motions for summary judgment.  The trial court entered its journal entry of judgment granting the trustees' motions for summary judgment and denying the grandchildren's motion for summary judgment on July 5, 2007.

¶ 7 On August 6, 2007, the grandchildren filed their petition in error.  We assigned the cause to the Court of Civil Appeals on August 29, 2007.  The Court of Civil Appeals affirmed the trial court on October 19, 2007, and the grandchildren petitioned for certiorari on November 8, 2007.  We granted certiorari on January 7, 2008 to address the first impression question of whether naming a contingent beneficiary satisfies the requirement that a trust may not have the same person as sole trustee and sole beneficiary.  The cause was assigned to this office on January 7, 2009.

¶ 8 **THE TRIAL COURT DID NOT ERR BY GRANTING SUMMARY JUDGMENT TO THE TRUSTEES BECAUSE: 1) 84 O.S.2001 § 132 DOES NOT APPLY TO REVOCABLE INTER VIVOS TRUSTS; AND 2) THE TRUST WAS VALID BECAUSE IT PROVIDED FOR CONTINGENT BENEFICIARIES.**

¶ 9 Summary judgment is properly granted when there are no disputed questions of material fact and the moving party is entitled to judgment as a matter of law.[8]  When summary judgment involves only legal questions, we test a trial court's grant of

---

**5.**  Last Will and Testament of Betty J. Neighbors, Article 2(A), Record p. 17, provides:

I direct that the entirety of my estate, of whatsoever nature and wheresoever situated, whether real or personal, vested or contingent, tangible or intangible, of which I may die seised or possessed or to which I may be entitled at the time of my death, be distributed to the BETTY J. NEIGHBORS REVOCABLE TRUST dated April 12, 1995, to be held, administered and distributed as set forth in such Trust.

**6.**  Last Will and Testament of Betty J. Neighbors, Article 2(B), Record p. 17, provides:

If the BETTY J. NEIGHBORS REVOCABLE TRUST dated April 12, 1995, shall not be in existence as of the date of my death, then I direct that the entirety of my estate, of whatsoever nature and wheresoever situated, whether real or personal, vested or contingent, tangible or intangible, of which I may die seised or possessed or to which I may be entitled at the time of my death, be distributed to my daughters, JEAN ANN MORGAN and MARY K. CROW, in equal shares without restriction, with the descendants of a deceased daughter representing and taking, per stirpes.  If either of my daughters shall predecease me and leave no descendants, then the share for such deceased daughter shall be distributed to the surviving daughter or her descendants, per stirpes.  I intentionally make no provision for the distribution of any portion of my estate to my son, Jerry Welch.

**7.**  Title 84 O.S.2001 § 132, see note 1, supra.

**8.**  *EOG Resources Mktg., Inc. v. State Bd. of Equalization*, 2008 OK 95, ¶ 13, 196 P.3d 511; *Garnett v. Government Employees Ins. Co.*, 2008 OK 43, ¶ 21, 186 P.3d 935; *South Tulsa Citizens Coalition, L.L.C. v. Arkansas River Bridge Auth.*, 2008 OK 4, ¶ 10, 176 P.3d 1217.

summary judgment by a *de novo* review standard.[9]

◼ ¶ 10 This cause presents issues of statutory construction, which are questions of law that we review *de novo* and over which we exercise plenary, independent, and non-deferential authority.[10] The primary goal of statutory construction is to ascertain and follow the intent of the Legislature.[11] The words of a statute will be given their plain and ordinary meaning unless it is contrary to the purpose and intent of the statute when considered as a whole.[12] We presume that the Legislature expressed its intent and intended what it expressed, and statutes are interpreted to attain that purpose and end, championing the broad public policy purposes underlying them.[13]

## A.

### Title 84 O.S.2001 § 132 Does Not Apply To Revocable *Inter Vivos* Trusts.

◼ ¶ 11 The grandchildren argue that as pretermitted heirs, they are entitled to a statutory share in the Trust under 84 O.S. 2001 § 132.[14] The trustees respond that § 132 applies only to wills, and not to trusts.

9. *EOG Resources Mktg., Inc. v. State Bd. of Equalization,* see note 8, supra; *Garnett v. Government Employees Ins. Co.,* see note 8, supra; *Haworth v. Jantzen,* 2006 OK 35, ¶ 19, 172 P.3d 193.

10. *Stump v. Cheek,* 2007 OK 97, ¶ 9, 179 P.3d 606; *B.E. & K. Construction v. Abbott,* 2002 OK 75, ¶ 1 fn. 1, 59 P.3d 38.

11. *Estes v. ConocoPhillips Co.,* 2008 OK 21, ¶ 16, 184 P.3d 518; *South Tulsa Citizens Coalition, L.L.C. v. Arkansas River Bridge Auth.,* see note 8, supra at ¶ 11; *Stump v. Cheek,* see note 10, supra.

12. *EOG Resources Mktg., Inc. v. State Bd. of Equalization,* see note 8, supra at ¶ 16; *South Tulsa Citizens Coalition, L.L.C. v. Arkansas River Bridge Auth.,* see note 8, supra at ¶ 11; *Stump v. Cheek,* see note 10, supra.

13. *Estes v. ConocoPhillips Co.,* see note 11, supra; *King v. King,* 2005 OK 4, ¶ 22, 107 P.3d 570; *Cox v. State ex rel. Dept. of Human Servs.,* 2004 OK 17, ¶ 19, 87 P.3d 607.

14. Title 84 O.S.2001 § 132, see note 1, supra.

15. *In re Estate of Jackson,* 2008 OK 83, ¶ 17, 194 P.3d 1269. *Estate of Jackson* was decided on

Our recent opinion in *In re Estate of Jackson,* 2008 OK 83, 194 P.3d 1269, is dispositive of the question. There, we held that § 132 "unambiguously pertains only to wills. It does not encompass a situation where a child is omitted from a trust, and we decline to extend its reach to revocable *inter vivos* trusts." [15] In the instant cause, the grandchildren are not entitled to a statutory share in the Trust.

## B.

### Because It Provided for Contingent Beneficiaries, The Trust Was Valid.

◼ ¶ 12 It is an issue of first impression whether naming a contingent beneficiary satisfies the requirement that a trust may not have the same person as sole trustee and sole beneficiary. The right to dispose of property is an inalienable natural right that persists throughout a person's lifetime, but the right to control disposition of property after death is subject to statutory limitations.[16] Oklahoma law permits an individual to dispose of property at death by trust.[17]

September 16, 2008, nine months after we granted certiorari in the instant cause.

16. *In re Estate of Jackson,* see note 15, supra at ¶ 15; *Snodgrass v. Snodgrass,* 1924 OK 597, ¶ 10, 231 P. 237.

17. *In re Estate of Jackson,* see note 15, supra at ¶ 15. Title 84 O.S.2001 § 301 provides in pertinent part:

A devise or bequest, the validity of which is determinable by the law of this state, may be made by a will to the trustee or trustees of a trust established or to be established by the testator or by the testator and some other person or persons or by some other person or persons (including a funded or unfunded life insurance trust, although the trustor has reserved any or all rights of ownership of the insurance contracts) if the trust is identified in the testator's will and its terms are set forth in a written instrument, other than a will, executed before or concurrently with the execution of the testator's will or in the valid last will of a person who has predeceased the testator, regardless of the existence, size, or character of the corpus of the trust. **The devise or bequest shall not be invalid because the trust is amendable or revocable, or both,** or because

¶ 13 The grandchildren argue that even if 84 O.S.2001 § 132 is only applicable to wills, the Trust was illusory and invalid because Neighbors was the Trust's sole trustee and sole beneficiary. The trustees counter that because the trust provided for Mary K. Crow and Jean Ann Morgan as contingent beneficiaries, it was valid.

■ ¶ 14 When it is applied to the law of trusts, the so-called "merger doctrine" is the equitable concept that a valid trust must have a separation of the legal estate from the beneficial enjoyment, and that no trust can exist where the same person possesses both.[18] Title 60 O.S.2001 § 175.6, without using the term "merger doctrine," codifies the principle that if a trustor is a beneficiary and the sole trustee, a valid trust also requires a beneficiary other than the trustor.[19] Title 60 O.S.2001 § 175.3(K) defines a trust beneficiary as "any person entitled to receive from a trust any benefit of whatsoever kind or character." [20]

¶ 15 The majority rule is that a trust is not illusory or invalid simply because the interests of its beneficiaries, other than the trustor, are contingent. The Restatement (Third) of Trusts § 25, Comment b provides in pertinent part:

(The) validity (of) an inter vivos trust is not affected by the fact that the interests of all beneficiaries other than the settlor do not take effect in possession or enjoyment before the settlor's death, or that they are contingent or subject to conditions subsequent, including the exercise of a power of revocation, withdrawal, amendment, or appointment reserved to the settlor, whether exercisable during life or by will.[21]

The reporter's note to Restatement (Third) of Trusts § 25, Comment b provides in pertinent part:

(C)ourts regularly and properly find valid trusts where settlors have retained complete control, and where other beneficiaries usually, if drafting is competent, have only future interests that are not only defeasible (by revocation or amendment) but also "contingent" upon surviving the settlor and maybe other events as well. . . .

the trust was amended after the execution of the will or after the death of the testator. . . . (Emphasis added.)
*See also* The Oklahoma Trust Act, 60 O.S. Supp.2006 § 175.1–175.57.

18. *Epworth Children's Home v. Beasley,* 365 S.C. 157, 616 S.E.2d 710, 718 (S.C.2005); *In re Wells,* 259 B.R. 776, 779 (Bkrtcy.M.D.Fla.2001); *In re Will of Sackler,* 145 Misc.2d 950, 548 N.Y.S.2d 866, 869 (1989). *See* 28 Am.Jur.2d Estates § 429; Restatement (Second) of Trusts §§ 99(5), 341(1).

19. Title 60 O.S.2001 § 175.6 provides:

**A trust may be created by:**
**A. A declaration by the owner of property that he holds it as trustee for another person, or for himself and another person or persons; or**
**B.** A transfer inter vivos by the owner of property to another person as trustee for the transferor or for a third person; or
**C.** A transfer by will by the owner of property to another person as trustee for a third person; or
**D.** An appointment by one person having a power of appointment to another person as trustee for the donee of the power or for a third person; or
**E.** A promise by one person to another person whose rights thereunder are to be held in trust for a third person; or

F. A beneficiary may be a cotrustee and the legal and equitable title to the trust estate shall not merge by reason thereof. Provided, however, that no trust in relation to real property shall be valid, unless created or declared:
1. By a written instrument subscribed by the trustor or by his agent thereto authorized by writing;
2. By the instrument under which the trustee claims the estate affected.
(Emphasis added.)

20. Title 60 O.S.2001 § 175.3(K) provides:

As used in this act unless the context or subject matter otherwise requires:
"Beneficiary" means any person entitled to receive from a trust any benefit of whatsoever kind or character.
The act to which § 175.3(K) refers is the Oklahoma Trust Act, see note 17, supra.

21. *See also* Restatement (Second) of Trusts § 57, which provides:

Where an interest in the trust property is created in a beneficiary other than the settlor, the disposition is not testamentary and invalid for failure to comply with the requirements of the Statute of Wills merely because the settlor reserves a beneficial life interest or because he reserves in addition a power to revoke the trust in whole or in part, and a power to modify the trust, and a power to control the trustee as to the administration of the trust.

¶ 16 Seven states have enacted statutes which explicitly provide that a trust which has the same person as sole trustee and sole present beneficiary is not invalid if it provides for a contingent or successor beneficiary.[22] Nineteen states and the District of Columbia have adopted a version of the Uniform Trust Code, which provides at § 402(b) that a beneficiary is definite if the beneficiary can be ascertained at the time of the creation of the trust or at some time in the future, subject to the rule against perpetuities.[23] The Uniform Comment to § 402(a)(5) provides that the merger doctrine is not applicable to a trust with the same person as sole trustee and sole life interest beneficiary if another person is designated the remainder beneficiary.[24] Two other states, which do not have a statute directly addressing the issue, have adopted the Restatement view in appellate court opinions.[25] While there are a few

**22.** An example is Cal. Probate Code § 15209 (2008), which provides:

If a trust provides for one or more successor beneficiaries after the death of the settlor, the trust is not invalid, merged, or terminated in either of the following circumstances:

a. Where there is one settlor who is the sole trustee and the sole beneficiary during the settlor's lifetime.

b. Where there are two or more settlors, one or more of whom are trustees, and the beneficial interest in the trust is in one or more of the settlors during the lifetime of the settlors.

*See also* Ind.Code Ann. § 30–4–2–8(b) (2008); Iowa Code Ann. § 633A.2012(3) (2008); Mont. Code Ann. § 72–33–210 (2008); N.Y. Est. Powers & Trusts Law § 7–1.1 (2008); Ohio Rev.Code Ann. § 5801.01(C) (2008); S.D. Codified Laws § 55–1–15 (2008).

**23.** An example is S.C.Code Ann. § 62–7–402 (2008), which provides in pertinent part:

a. A trust is created only if:

. . .

5) the same person is not the sole trustee and sole current and future beneficiary.

b. A beneficiary is definite if the beneficiary can be ascertained now or in the future, subject to any applicable rule against perpetuities.

*See also* Ala.Code § 19–3B–402 (2009); Ariz.Rev. Stat. Ann. § 14–10402 (2009); Ark.Code Ann. § 28–73–702 (2009); D.C.Code Ann. § 19–1304.02 (2009); Fla. Stat. Ann. § 736.0402 (2009); Kan. Stat. Ann. § 58a–402 (2009); Me. Rev.Stat. Ann. tit. 18–B, § 402 (2009); Mo. Ann. Stat. § 456.4–402 (2009); Neb.Rev.Stat. Ann. § 30–3828 (2009); N.H.Rev.Stat. Ann. § 564–B:4–402 (2009); N.M. Stat. Ann. § 46A–4–402 (2009); N.C. Gen.Stat. Ann. § 36C–4–402 (2009); N.D. Cent.Code § 59–12–02 (2009); Or.Rev.Stat. Ann. § 130.155 (2009); 20 Pa. Cons.Stat. Ann. § 7732 (2009); Tenn.Code Ann. § 35–15–402 (2009); Utah Code Ann. § 75–7–402 (2009); Va. Code Ann. § 55–544.02 (2009); Wyo. Stat. Ann. § 4–10–403 (2009). Courts construing Arizona, Florida, and Utah state law have issued decisions confirming each state's adoption of the Restatement view. *In re Coumbe,* 304 B.R. 378, 383 (9th Cir.2003) (under Arizona law, contingent beneficiaries were sufficient to satisfy the statutory requirement that a trust cannot have the same person as sole trustee and sole beneficiary); *Zuckerman v. Alter,* 615 So.2d 661, 663–664 (Fla.

1993) (if interest passes to the beneficiary during the life of the settlor, although that interest does not take effect in enjoyment or possession before the death of the settlor, the trust is not testamentary); *Hoggan v. Hoggan,* 169 P.3d 750, 752 fn. 2 (Utah 2007) (expressly adopted Restatement (Third) of Trusts § 25, Comment b).

**24.** The Uniform Comment to § 402(a)(5) provides in pertinent part:

Subsection (a)(5) addresses the doctrine of merger, which, as traditionally stated, provides that a trust is not created if the settlor is the sole trustee and sole beneficiary of all beneficial interests. The doctrine of merger has been inappropriately applied by the courts in some jurisdictions to invalidate self-declarations of trust in which the settlor is the sole life beneficiary but other persons are designated as beneficiaries of the remainder. The doctrine of merger is properly applicable only if all beneficial interests, both life interests and remainders, are vested in the same person, whether in the settlor or someone else. An example of a trust to which the doctrine of merger would apply is a trust of which the settlor is sole trustee, sole beneficiary for life, and with the remainder payable to the settlor's probate estate. . . . .

*See* Ala.Code § 19–3B–402 (2009); Kan. Stat. Ann. § 58a–402 (2009); Me.Rev.Stat. Ann. tit. 18–B, § 402 (2009); N.C. Gen.Stat. Ann. § 36C–4–402 (2009); 20 Pa. Cons.Stat. Ann. § 7732 (2009); Tenn.Code Ann. § 35–15–402 (2009); Utah Code Ann. § 75–7–402 (2009).

**25.** *Sullivan v. Burkin,* 390 Mass. 864, 460 N.E.2d 572, 575 (1984) (a trust with remainder interests given to others on the settlor's death is not invalid as a testamentary disposition simply because the settlor retained a broad power to modify or revoke the trust, the right to receive income, and the right to invade principal during his life); *In re Estate of Brenner,* 37 Colo.App. 271, 547 P.2d 938, 941–942 (1976) (a trust with residual beneficiaries is not merged or invalid even if trustor was sole trustee and sole beneficiary during his life, with the power to alter, amend, or revoke the trust). The Court of Civil Appeals has also adopted the Restatement view. *See Limb v. Aldridge,* 1999 OK CIV APP 31, ¶ 8, 978 P.2d 365 (so long as settlor has designated at least a con-

state court decisions which take a view contrary to the Restatement, each of these decisions has been subsequently overruled by statute.[26] A few other decisions appear to require a present, vested beneficiary other than the sole trustee, but, by using terms like "vested interest subject to divestment" to rename contingent interests, embrace the Restatement view for all practical purposes.[27] Our research has not disclosed a viable case or statute contrary to the Restatement view on this issue.

¶17 In *Thomas v. Bank of Okla., N.A.,* 1984 OK 41, ¶21, 684 P.2d 553, this Court determined that a revocable *inter vivos* trust may not be employed to defeat a surviving spouse's forced share of an estate as provided by 84 O.S.2001 § 44. The Court held that such a trust was illusory as to the surviving spouse and set forth the method of determining the validity of a trust:

> (T)he test of the validity of a trust is whether the transfer is real or illusory; that the test is whether the settlor in good faith divested himself of the property ownership or simply made an illusory transfer as a mask for the effective retention of the property.[28]

Here, it is clear that the Trust was not an artifice for the effective retention of Neighbors' property. Instead, Neighbors employed the common estate-planning device of creating a revocable *inter vivos* trust and simultaneously executing a pour-over will to provide for her heirs at the time of her death.[29] The Restatement view is persuasive and consistent with the definition of a trust beneficiary found at 60 O.S.2001 § 175.3(K).[30] A trust is not illusory simply because it has the same person as the sole trustee and only vested present beneficiary if it provides for at least a contingent beneficiary.

## CONCLUSION

¶18 We determined in *Estate of Jackson* that 84 O.S.2001 § 132 unambiguously pertains only to wills and not to revocable *inter vivos* trusts. The grandchildren, as pretermitted heirs, are not entitled to a share of the Trust. The Trust is not illusory simply because Neighbors was the sole trustee and only vested present beneficiary during her life. Because the Trust provided for Mary K. Crow and Jean Ann Morgan as contingent beneficiaries, it was a valid trust. We affirm the trial court's grant of summary judgment to the trustees.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.**

---

tingent beneficiary other than himself, merger doctrine will not apply). Opinions released for publication by order of the Court of Civil Appeals are persuasive only and lack precedential effect. Rule 1.200(c)(2), Supreme Court Rules, 12 O.S. 2001, App. 1; 20 O.S.2001 § 30.5, 30.14.

**26.** *President & Directors of Manhattan Co. v. Janowitz,* 172 Misc. 290, 14 N.Y.S.2d 375, 382 (N.Y.Sup.Ct.1939), *overruled by* N.Y. Est. Powers & Trusts Law § 7-1.1, see note 23, supra (trust illusory when settlor reserved rights of revocation, income for life, and control over trust management); *Newman v. Dore,* 275 N.Y. 371, 9 N.E.2d 966, 966 (1937), *overruled by* N.Y. Est. Powers & Trusts Law § 7-1.1, see note 23, supra (trust illusory when settlor reserved rights of revocation, income for life, and control over trust management).

**27.** *Banks v. Means,* 52 P.3d 1190, 1193 (Utah 2002), *overruled by Hoggan v. Hoggan,* see note 23, supra (interests in a trust may be vested despite being subject to divestment through revocation of the interest or termination of the trust);

*Goodrich v. City National Bank & Trust Co. of Battle Creek,* 270 Mich. 222, 258 N.W. 253, 256–257 (1935) (because trustee reserved power of revocation, other beneficiaries' interests were vested, but subject to divestment); *National Newark & Essex Banking Co. v. Rosahl,* 97 N.J. Eq. 74, 128 A. 586, 586 (1925) (even if enjoyment of certain interests will not occur until the death of the trustor ensures that the power of revocation is not exercised, those interests are still vested).

**28.** *Thomas v. Bank of Okla., N.A.,* 1984 OK 41, ¶16, 684 P.2d 553. *See also Kulp v. Timmons,* 944 A.2d 1023, 1029–1031 (Del.Ch.2002) (revocable inter vivos trust where trustor was sole trustee and sole lifetime beneficiary was illusory because the trust was created to defraud creditors).

**29.** A pour-over will is a will that gives money or property to an existing trust. *Thomas v. Bank of Okla., N.A.,* see note 28, supra at ¶18.

**30.** Title 60 O.S.2001 § 175.3(K), see note 20, supra.

EDMONDSON, C.J., TAYLOR, V.C.J., HARGRAVE, KAUGER, WATT, WINCHESTER, COLBERT, J.J., concur.

OPALA, J., concurs in result.

REIF, J., disqualified.