2009 OK CIV APP 102

**Lucindy Ann MOSS, individually and as parent and next friend of Arthur Jackson Adney, a minor, Plaintiff/Appellant,**

v.

**Michael WITTMER and Thelma Wittmer, Defendants,**

v.

**Oklahoma Health Care Authority, Appellee.**

**No. 106,407.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Oct. 29, 2009.

---

Tye H. Smith, Charles G. Smart, Carr & Carr, Attorneys, Tulsa, Oklahoma, for Plaintiff/Appellant.

Ashley D. Williams, Lynn Rambo–Jones, Howard J. Pallott, Oklahoma City, Oklahoma, for Appellee.

DOUG GABBARD II, Presiding Judge.

¶1 Lucindy Ann Moss (Plaintiff) appeals an order enforcing a statutory lien in favor of the Oklahoma Health Care Authority (OHCA). We reverse and remand with directions.

## FACTS

¶2 In 1997, Plaintiff's son, Arthur Jackson Adney (AJ), then one year old, was seriously injured when he was attacked by a pet monkey owned by Defendants, Michael and Thelma Wittmer. AJ recovered after extensive medical treatment, but was left with permanent impairment and disfigurement, primarily to one of his hands. Some of his medical bills were paid through Medicaid. OHCA is Oklahoma's Medicaid agency.

¶3 Plaintiff did not seek compensation or file a claim against the Wittmers before the expiration of the two-year statute of limitations for negligence, now found at 12 O.S. 2001 § 95. However, nine years later, in 2006, Plaintiff spoke to an attorney, learned that the Wittmers had a homeowners' insurance policy that provided coverage, and began efforts to seek compensation for her son's damages.[1]

¶4 According to Plaintiff's pleadings, her attorney advised the insurer that AJ had injuries in excess of $500,000, and, after extensive investigation, the Wittmers' insurer agreed to pay its $100,000 policy limits. Ultimately, the parties signed a written settlement agreement, Plaintiff filed a friendly suit, and the parties sought the trial court's approval of the settlement agreement.[2] Prior to the court hearing on this agreement, the insurer advised OHCA of the settlement and OHCA asserted its intent to enforce its statutory lien against $16,737.25 of the settlement proceeds as reimbursement for Medicaid payments on AJ's behalf. Although the trial court approved the settlement agreement, it ordered $16,737.25 of the proceeds be placed in trust, pending resolution of OHCA's claim.

---

1. Title 12 O.S.2001 § 96, allows a minor to bring a legal action within one year of attaining majority. AJ does not turn 18 years of age until 2013.

2. Because AJ was a minor, court approval was necessary pursuant to 12 O.S. Supp.2008 § 83.

¶5 OHCA's claim was heard by the same judge a few weeks later. OHCA asserted that what is now 63 O.S. Supp.2008 § 5051.1 gave it a statutory lien in the amount of the Medicaid payment, which lien was enforceable against the proceeds recovered from the Wittmers by AJ "up to the amount of the damages for the total medical expenses ... whether by judgment or by settlement or compromise." Plaintiff asserted that OHCA could only enforce its lien against that part of the proceeds which represented payment for medical expenses, and that medical expenses were not recovered as part of the settlement. Alternatively, Plaintiff asserted that even if OHCA could enforce its lien against the entire settlement fund, then it should receive no greater ratio of recovery than the child received based upon the total value of the child's claim.

¶6 The trial court ruled in OHCA's favor, holding that the lien was enforceable against the disputed proceeds, stating, in part:

The Court further finds that the Plaintiffs contend that the medical expenses were not part of the recovery as the petition on behalf of the minor sought only damages for the personal injury and that the natural parents of the minor would be responsible for the medical bills as opposed to the minor.

*The Court finds that the minor would be considered a recipient of benefits as contemplated under 63 O.S. § 5051.1 and furthermore, that the lien is statutory and therefore not subject to pro rata reduction. Young v. [Columbia] Southwestern Medical Center, 1998 OK CIV APP 124 [964 P.2d 987], American Medical Security v. Josephson, 2000 OK CIV APP 127 [15 P.3d 976], Tomlinson v. Continental Casualty*

Company, 2003 OK CIV APP 84 [77 P.3d 628].

The Court further finds that the statute creates a debt on behalf of the recipient of benefits and does not distinguish whether the recipient was a minor or an adult. (Emphasis added).

¶7 Plaintiff appeals.[3]

## STANDARD OF REVIEW

¶8 The remedy of enforcing a lien is a matter of equitable cognizance. *Mehdipour v. Holland*, 2007 OK 69, ¶25, 177 P.3d 544, 549. Issues of statutory construction are matters of law, which we review *de novo*, or without deference to the trial court's determination of statutory language. *Welch v. Crow*, 2009 OK 20, ¶10, 206 P.3d 599, 603.

## ANALYSIS

¶9 Title 63 O.S. Supp.2008 § 5051.1 provides, in part:

A. 1. The payment of medical expenses by the Oklahoma Health Care Authority for or on behalf of or the receipt of medical assistance by a person who has been injured or who has suffered a disease as a result of the negligence or act of another person creates a debt to the Authority, subject to recovery by legal action pursuant to this section. Damages for medical costs are considered a priority over all other damages and should be paid by the tortfeasor prior to other damages being allocated or paid.

. . .

D. If the injured or diseased person asserts or maintains a claim against anoth-

---

3. OHCA's motion to dismiss this appeal, which was denied by the Supreme Court and is now reurged by OHCA, is hereby denied. Contrary to OHCA's argument, the facts show that on November 18, 2008, Plaintiff timely responded to a Supreme Court order in a manner that the Court deemed sufficient to allow this appeal to proceed.

OHCA's assertion that Plaintiff was required to notify it "prior to a compromise or settlement against a third party," as provided in 63 O.S. Supp.2008 § 5051.1(H), and that her failure to do so violated OHCA's due process rights and constituted a waiver of her right to oppose en-

forcement of the lien, is also denied. We are unable to find that OHCA was prejudiced by any deficiency of notice. In fact, OHCA received notice of the settlement prior to the trial court's approval of same, although the notice was given by the insurer instead of Plaintiff. Contrary to its assertion, OHCA was not entitled to be named as a party and the statute does not mandate its appearance and participation at the settlement hearing. Even if it had done so, the amount it claimed was set aside until its claim could be decided, and it is being afforded ample opportunity to fully litigate its claim. Thus, any error would be harmless. *See* 12 O.S.2001 § 78.

er person or tortfeasor on account of the injury or disease, the Authority:

1. *Shall have a lien upon payment of the medical assistance to the extent of the amount so paid upon that part going or belonging to the injured or diseased person of any recovery or sum had or collected or to be collected by the injured or diseased person up to the amount of the damages for the total medical expenses . . . whether by judgment or by settlement or compromise.* The lien authorized by this subsection shall:

a. be inferior only to a lien or claim of the attorney or attorneys handling the claim on behalf of the injured or diseased person, the heirs or personal representative,

b. not be applied or considered valid against any temporary or permanent disability award of the claimant due under the Workers' Compensation Act,

c. be applied and considered valid as against any insurer adjudged responsible for medical expenses under the Workers' Compensation Act, and

d. *be applied and considered valid as to the entire settlement, after the claim of the attorney or attorneys for fees and costs, unless a more limited allocation of damages to medical expense is shown by clear and convincing evidence*[.] (Emphasis added).

■ ¶ 10 In this case, Plaintiff does not dispute that OHCA is generally entitled to the § 5051.1 lien. OHCA paid medical expenses to or on behalf of AJ who was injured as a result of the negligence of another person; AJ asserted a claim against the tortfeasors on account of the injury; and AJ received a payment for damages "by judgment or by settlement or compromise." Instead, Plaintiff asserts that OHCA can only enforce its statutory lien against that part of the settlement proceeds which were for "medical expenses," and, here, the settlement proceeds did not contain payment for any medical expenses. Plaintiff asserts that she did not seek such expenses because her right to

assert a claim for them was barred by 12 O.S.2001 § 95(A)(3).

¶ 11 In its order, the trial court does not address this issue. Instead, it ruled in favor of OHCA after concluding that "the minor would be considered a recipient of benefits as contemplated under 63 O.S. § 5051.1 and furthermore, that the lien is statutory and therefore not subject to pro rata reduction." In other words, the trial court found it made no difference whether or not medical expenses were included in the settlement proceeds because OHCA was entitled to enforce its statutory lien against any proceeds recovered by the recipient child. This legal conclusion was in error.

¶ 12 First, the statute restricts the enforcement of the statutory lien to that portion of a settlement which is allocated to *medical expenses.* This legislative intent is clearly demonstrated by the language of the statutory presumption contained in § 5051.1(D)(1)(d) which provides that the lien shall "be applied and considered valid as to the entire settlement, after the claim of the attorney or attorneys for fees and costs, *unless a more limited allocation of damages to medical expenses is shown by clear and convincing evidence.*" (Emphasis added). Second, enforcement of the lien against the entire settlement fund is contrary to the federal Medicaid statute's anti-lien provision, set forth in 42 U.S.C. § 1396p(a)(1) (OCIS 2009).[4]

¶ 13 This latter principle was explained in *Arkansas Department of Health and Human Services v. Ahlborn*, 547 U.S. 268, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006), a case similar to the one at bar. There, Arkansas' Medicaid authority paid $215,000 of medical bills for a plaintiff injured in a car accident. The plaintiff then sued and settled the case for $550,000, which the parties stipulated was only about one-sixth of the reasonable value of the claim. They also stipulated that $35,000 of the proceeds were for medical expenses. On appeal, a unanimous U.S. Supreme Court held that even if the Arkansas

---

4. This statute prohibits States from imposing liens "against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the State plan," with certain exceptions not applicable here.

lien law was "consistent with federal [Medicaid anti-lien] law insofar as it encumbers proceeds designated as medical payments, the anti-lien provision precludes attachment or encumbrance of the remainder of the settlement." *Id.*, 547 U.S. at 270, 126 S.Ct. at 1755.

¶14 As stated above, OHCA may only enforce its statutory lien "upon that part" of the settlement proceeds paid by the tortfeasor for medical expenses. The trial court erred in finding otherwise.

■ ¶15 Ultimately, this case must be resolved by determining whether the negligence settlement includes an amount paid for medical expenses. This presents a question of fact which must be resolved by the trial court. In resolving this factual question, the statute provides a presumption that the lien may be applied against the entire settlement fund *unless* the presumption is overcome by clear and convincing evidence that "a more limited allocation of damages to medical expense is shown." In this case, Plaintiff asserts that the court had such evidence, although this is disputed by OHCA.[5] Generally, where there is conflicting evidence on an issue of fact, we defer to the judgment of the trial court. *Mueggenborg v. Walling*, 1992 OK 121, 836 P.2d 112. Here, however, the trial court made no factual findings as to whether the settlement proceeds included an allocation for medical expenses. Because this case is dependent upon the trial court's resolution of this issue, we reverse and remand with directions that it conduct an evidentiary hearing thereon, affording both parties the opportunity to present evidence.

## CONCLUSION

¶16 Accordingly, the trial court's order is reversed and remanded with directions that an evidentiary hearing be conducted consistent with this Opinion.

¶17 REVERSED AND REMANDED WITH DIRECTIONS.

RAPP, and FISCHER, JJ., concur.

---

**5.** The appellate record consists primarily of the court file and a transcript of the settlement hearing, and contains substantial evidence supporting Plaintiff's claim. For example, the parties stipulated that OHCA made payments on behalf of AJ more than eight years ago and that Plaintiff's right to recover medical expenses in a negligence claim has been barred by the two year statute of limitations set forth in 12 O.S.2001 § 95(A)(3); Plaintiff's lawsuit did not seek to collect medical expenses paid on behalf of her child; OHCA's response contains correspondence supporting Plaintiff's assertion that the settlement proceeds did not include payment for AJ's medical expenses; and the transcript of the settlement hearing contains testimony offered by Defendants' attorney in which Plaintiff states that the settlement did not include payment for any medical expenses. However, OHCA asserts that the file also contains contradictory evidence, such as language in the settlement agreement which refers to medical expenses. OHCA also asserts Plaintiff could have recovered medical expenses in an action brought under the dog bite statute, 4 O.S.2001 § 42.1. We make no conclusions regarding this conflicting evidence and law.