LUNSFORD v. LUNSFORD



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:LUNSFORD v. LUNSFORD

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 LUNSFORD v. LUNSFORD
2019 OK CIV APP 49
Case Number: 117013
Decided: 09/05/2019
Mandate Issued: 10/02/2019
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2019 OK CIV APP 49, __ P.3d __

 

LEONARD DEAN LUNSFORD JR., Plaintiff,
and
VAUNITA TACKETT, Personal Representative of the Estate of Leonard Dean Lunsford Sr., Deceased, Plaintiff/Appellant,
v.
HENRY KEITH LUNSFORD, Defendant/Appellee,
and
DAHNA LUNSFORD, GERALD C. BRUNSON, and KAREN E. BRUNSON, Defendants.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE CAROLINE WALL, TRIAL JUDGE

REVERSED

Paul Gee, GEE LAW FIRM, PLLC, Tulsa, Oklahoma, for Plaintiff/Appellant

David L. Weatherford, BIRMINGHAM, MORLEY, WEATHERFORD & PRIORE, P.A., Tulsa, Oklahoma, for Defendant/Appellee

DEBORAH B. BARNES, PRESIDING JUDGE:

¶1 This is the second appeal in this action, an action which arises from disputes concerning the real property where Leonard Dean Lunsford Sr. resided prior to his death in October 2014. Plaintiff/Appellant Vaunita Tackett, Personal Representative of the Estate of Leonard Dean Lunsford Sr., appeals from the trial court's order filed in April 2018 finding, at Defendant Henry Keith Lunsford's request, that he is entitled to recover postjudgment interest from Plaintiffs[1] under Oklahoma's postjudgment interest statute, 12 O.S. Supp. 2013 § 727.1(A). As set forth in the April 2018 Order, the trial court determined postjudgment interest "accrued . . . in the amount of $5,398.25 between the time of entry of the Order Enforcing Settlement Agreement . . . on February 10, 2014, and payment of the Judgment on May 4, 2017."

¶2 In the previous appeal, Case No. 112,690, we explained that the parties' settlement agreement, which was executed in 2013,

end[ed] a breach of contract action involving the home in which [Leonard Dean] Lunsford Sr. resided . . . from 2003 until his death. It is undisputed that . . . the settlement agreement requir[ed] an appraisal of the property in question. The parties agreed to accept the appraisal value and agreed that the payment price would be based on the appraised value.

The settlement agreement, which is handwritten, provides:

1. Parties to agree to an appraisal . . . .
2. Parties to accept [the appraiser's] appraised value.
3. Based on appraised value, [Henry] Keith Lunsford to be paid 1/3 of value[.]
4. [Henry Keith Lunsford] to remain responsible for 1/3 of mortgage balance.
5. Mutual releases [and] each party responsible for their own fees [and] costs[.]
6. Deed to [Leonard] Dean Lunsford Sr.

¶3 Pursuant to the settlement agreement, the trial court found in its February 2014 Order that Henry Keith Lunsford is to be paid a certain amount "upon execution of the General Warranty Deed to Plaintiff Leonard Dean Lunsford Sr.," who was still living at that time. The February 2014 Order states that "Plaintiffs shall pay $28,365.40 to Defendants at the time of conveyance of the property to Plaintiff Leonard Dean Lunsford Sr."[2]

¶4 In this appeal, Henry Keith Lunsford asserts the trial court properly awarded him postjudgment interest because he

obtained judgment for the amount of $28,365.40 [in the February 2014 Order]. Thereafter, there was an appeal of the judgment [i.e., the first appeal in this action, in which Henry Keith Lunsford challenged, unsuccessfully, certain aspects of the February 2014 Order] and a continuing dispute over a number of issues; however, from the time of judgment until payment (May 4, 2017), the amount was owed, [and Plaintiffs] had the full benefit of the use of the property in dispute even though a deed had not been executed . . . .

¶5 The issue presented on appeal is governed by the above-mentioned postjudgment interest statute, which states, in pertinent part, that "all judgments of courts of record . . . shall bear interest . . . ." 12 O.S. Supp. 2013 § 727.1(A)(1). The statute further provides: "[P]ostjudgment interest . . . shall accrue from the earlier of the date the judgment is rendered as expressly stated in the judgment, or the date the judgment is filed with the court clerk . . . ." 12 O.S. § 727.1(C).

¶6 Questions of statutory interpretation are reviewed de novo. Welch v. Crow, 2009 OK 20, ¶ 10, 206 P.3d 599 (Questions of statutory construction "are questions of law that we review de novo and over which we exercise plenary, independent, and non-deferential authority." (footnote omitted)).

The primary goal of statutory interpretation is to ascertain and . . . give effect to the intention and purpose of the Legislature as expressed by the statutory language. Intent is ascertained from the whole act in light of its general purpose and objective considering relevant provisions together to give full force and effect to each. The Court presumes that the Legislature expressed its intent and that it intended what it expressed. Statutes are interpreted to attain that purpose and end[,] championing the broad public policy purposes underlying them.

Cattlemen's Steakhouse, Inc. v. Waldenville, 2013 OK 95, ¶ 14, 318 P.3d 1105 (footnotes omitted). See also Estes v. ConocoPhillips Co., 2008 OK 21, ¶ 16, 184 P.3d 518 ("It is important in construing the Legislative intent behind a word to consider the whole act in light of its general purpose and objective," and "[w]e presume that the Legislature expressed its intent and intended what it expressed, and statutes are interpreted to attain that purpose and end, championing the broad public policy purposes underlying them." (footnotes omitted)).[3]

¶7 Plaintiff/Appellant argues on appeal that the purpose of the postjudgment interest statute is to provide postjudgment interest on "ordinary money judgment[s] where one party is legally obligated to pay the other party with nothing else." She asserts that "[t]he goal of the postjudgment [interest] statute" is to provide "a statutory award for delay in payment of money due," and she contrasts such money judgments with the trial court's February 2014 Order upon which the award of postjudgment interest in the present case is based. According to Plaintiff/Appellant, the February 2014 Order constitutes a judicial enforcement of the terms of the parties' settlement agreement, an agreement which essentially requires, as she states, "that one party deliver a proper deed in return for payment of a sum certain." She asserts that no delay occurred in the "payment of money due" in this case because "the [February 2014] Order doesn't contemplate payment of money due until the occurrence of another event," i.e., the execution of a deed and conveyance of legal title.

¶8 Plaintiff/Appellant's interpretation of the February 2014 Order is accurate. The February 2014 Order states that, "[p]ursuant to the Settlement Agreement and appraisal submitted, the value of the residence shall be established as the appraised value of $64,000.00" (an appraisal value which Henry Keith Lunsford contested, unsuccessfully, in the first appeal), "with Defendant Henry Keith Lunsford paid 1/3 of that value upon execution of a General Warranty Deed" to Plaintiffs. Although the February 2014 Order states that "Plaintiffs shall pay $28,365.40 to Defendants," it states, as quoted above, that this payment is to be made "at the time of conveyance of the property" to Plaintiffs.

¶9 Various legal authorities support Plaintiff/Appellant's assertions. For example, according to the Corpus Juris Secundum, "[t]he purpose of a statute providing for interest on a money judgment in a civil action is to compensate the prevailing party for any delay in the payment of money damages." 47 C.J.S. Interest & Usury § 65 (footnote omitted).[4] Other authorities have explained that "[a] statute providing that all judgments must bear interest is directed to judgments in personam and not to judgments in rem." 44B Am. Jur. 2d Interest and Usury § 28. As noted by one court, "an action in personam is done, or directed against, a specific person such that a judgment in personam seeks recovery from one's personal liability." Ohio v. Penrod, 611 N.E.2d 996, 999 n.5 (Ohio Ct. App. 1992) (citation omitted).

¶10 Regardless, in order to effectuate the Oklahoma Legislature's intent that "all judgments" bear postjudgment interest from the date of judgment, the term "judgments" in this context must, of course, be construed in a manner that includes only judgments capable of forming the basis of such an award.[5] Where no money judgment is awarded by the court, or where the trial court has expressly made a payment contingent and not presently due, no award of postjudgment interest can be made consistent with the plain terms of § 727.1. See also City of Barnsdall v. Curnutt, 1949 OK 105, ¶ 8, 207 P.2d 320 ("The judgment was not of the effect of a money judgment against the defendant, and such as that contemplated by the statute which provides that judgments shall bear interest from the day on which they are rendered."); 47 C.J.S. Interest & Usury § 65 ("[I]f a judgment is not a 'money judgment' within the provisions of the statute, interest is not allowed," and "[a] 'money judgment' within the meaning of [a] statute allowing interest on a money judgment recovered in a civil action is one that orders the payment of a sum of money as distinguished from an order directing an act to be done or property to be restored or transferred." (footnotes omitted)).

¶11 The February 2014 Order does not set forth a money judgment against a party as contemplated by § 727.1. Although this action was originally brought as a breach of contract action, the parties, after attending mediation, executed the above-mentioned settlement agreement, and the February 2014 Order that forms the basis of the trial court's award of postjudgment interest, while it interprets and enforces the terms of that agreement, does not contain a money judgment for damages and does not set forth a finding of personal liability against a party based on a finding of, for example, breach of contract. Cf. City of Barnsdall, ¶ 8 (award of interest inappropriate because, among other things, "[a]lthough the claim of the plaintiff was based on the performance of an agreement . . . , the proceeding was . . . not an action on contract for money judgment against the defendant").

¶12 In addition, the February 2014 Order expressly makes the payment of money set forth therein contingent and not presently due at the time the judgment was entered. As stated above, although the February 2014 Order sets forth an amount to be paid, it explicitly states that this payment is to be made "at the time of conveyance of the property": "Plaintiffs shall pay $28,365.40 to Defendants at the time of conveyance of the property[.]" Accordingly, Henry Keith Lunsford was not entitled to collect the amount set forth in the February 2014 Order because he did not immediately make the conveyance set forth in the February 2014 Order; instead, he challenged certain portions of the February 2014 Order and initiated the first appeal. In the prior appeal, we rejected his arguments and we affirmed the February 2014 Order. Mandate issued in August 2015.

¶13 In September 2015, Henry Keith Lunsford filed a "Motion to Enforce Court of Appeals Decision," but asserted in that motion that he had, by that time, only "proposed execution of the necessary deed for completion of the settlement, as requested by the Plaintiffs." Plaintiffs filed a response asserting they "have always been ready, willing and able to consummate the settlement agreement," but further asserted, among other things, that "Defendants, after exhausting all legal avenues to delay this matter now wish to settle on terms that were not ever within the spirit of the settlement agreement." Plaintiffs asserted in their response that they "stand ready to pay the amount agreed upon for 100% of the Property free and clear of liens, which is according to the settlement agreement entered into by the parties."

¶14 In an order filed in May 2017, the trial court found that "[t]he Oklahoma Supreme Court Mandate requires that Defendants, Henry Keith Lunsford, Dahna Lunsford, Gerald C. Brunson and Karen E. Brunson, properly execute General Warranty Deeds in favor of Plaintiff . . . in return for payment in the amount of $28,365.40[.]" The court ordered the parties to personally appear before the court on May 4, 2017, "to execute and deliver the deeds and payment of $28,365.40[.]" The parties agree, and the appellate record reflects, that on May 4, 2017, Defendants delivered General Warranty Deeds to Plaintiff/Appellant, at which time Plaintiff/Appellant tendered a cashier's check as payment.

¶15 Under the particular circumstances of this case, we conclude the award of postjudgment interest to Henry Keith Lunsford is inconsistent with the terms of § 727.1. Therefore, the trial court erred in awarding postjudgment interest, and we reverse the April 2018 Order.

¶16 REVERSED.

WISEMAN, V.C.J., and RAPP, J., concur.

FOOTNOTES

[1] Although the trial court's order states Defendant Henry Keith Lunsford "is granted Judgment for post judgment interest in the amount of $5,398.25 against the Plaintiffs," Ms. Tackett is the only Plaintiff who has appealed the order.

[2] The $28,365.40 payment is based on a $64,000 valuation of the property by an appraiser. One-third of $64,000 is $21,333.33. The trial court also found, "[p]ursuant to the Settlement Agreement," that "Defendants shall be reimbursed" for certain mortgage payments, a tax payment, and a property insurance payment.

[3] We note that we agree with Henry Keith Lunsford that our analysis is controlled by legislative intent and not, for example, equitable principles. In the context of Oklahoma's postjudgment interest statute, the Oklahoma Supreme Court, in a case cited by Henry Keith Lunsford, has explained that,

[a]s a general rule[,] equity follows the law and where a party's rights are defined by statute, equity is without authority to modify or unsettle those rights. As stated early on, in this jurisdiction, no court is ever justified in invoking the maxim of equity for the purpose of destroying legal rights.

Fleming v. Baptist Gen. Convention of Okla., 1987 OK 54, ¶ 34, 742 P.2d 1087 (citations omitted).

[4] We note that in the context of Oklahoma's postjudgment interest statute, the Oklahoma Supreme Court quoted and relied upon an opinion of the United States Court of Appeals for the Tenth Circuit citing portions of 47 C.J.S. Interest & Usury. See Walker v. St. Louis-San Francisco Ry. Co., 1983 OK 86, ¶ 8, 671 P.2d 672. We further note the federal postjudgment interest statute is comparable to 12 O.S. § 727.1 in that it provides: "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C.A. § 1961(a) (2000). The United States Court of Appeals for the Second Circuit has explained that "[p]ostjudgment interest is designed to compensate the plaintiff for the delay it suffers from the time damages are reduced to an enforceable judgment to the time the defendant pays the judgment." Andrulonis v. U.S., 26 F.3d 1224, 1230 (2d Cir. 1994). Similar to § 727.1, § 1961(a) provides that in cases in which there is a money judgment, postjudgment interest is to be calculated "from the date of the entry of judgment[.]" As explained by the Ninth Circuit, "the purpose of section 1961 is to ensure that the plaintiff is further compensated for being deprived of the monetary value of the loss from the date of ascertainment of damages until payment by defendant." Am. Tel. & Tel. Co. v. United Computer Sys., Inc., 98 F.3d 1206, 1209 (9th Cir. 1996) (internal quotation marks omitted) (citation omitted).

[5] "A judgment is the final determination of the rights of the parties in an action," 12 O.S. 2011 § 681, and a judgment may include a remedy (or a denial of any relief) which is distinct from a judgment capable of forming the basis of an award of postjudgment interest. See also Black's Law Dictionary (11th ed. 2019) (A judgment is "[a] court's final determination of the rights and obligations of the parties in a case," and "[t]he term judgment includes an equitable decree and any order from which an appeal lies."); 12 O.S. 2011 § 990.3(B) (addressing "the enforcement of the judgment, decree or final order," "[w]here relief other than the payment of money is awarded or where relief in addition to the payment of money is awarded"); 12 O.S. 2011 § 990.4(B) (addressing stays of enforcement of judgments that, inter alia, "direct[] execution of a conveyance or other instrument," "direct[] the delivery of possession of real or personal property," and "direct[] the assignment or delivery of documents," in addition to judgments "for payment of money").






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 54, 742 P.2d 1087, 58 OBJ 1828, Fleming v. Baptist General Convention of Oklahoma
Discussed
 2008 OK 21, 184 P.3d 518, ESTES v. CONOCOPHILLIPS CO.
Discussed
 2009 OK 20, 206 P.3d 599, WELCH v. CROW
Discussed
 2013 OK 95, 318 P.3d 1105, CATTLEMEN'S STEAKHOUSE, INC. v. WALDENVILLE
Discussed
 1949 OK 105, 207 P.2d 320, 201 Okla. 508, CITY OF BARNSDALL v. CURNUTT
Discussed
 1983 OK 86, 671 P.2d 672, Walker v. St. Louis-San Francisco Ry. Co.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 727.1, Postjudgment Interest on Judgments Rendered After January 1, 2005 - Prejudgment Interest on Actions Filed After January 1, 2010
Discussed at Length
 12 O.S. 990.4, Stay of Enforcement of Judgment, Decree, or Final Order
Cited
 12 O.S. 681, Definition of Judgment
Cited
 12 O.S. 990.3, Judgment of Money - Relief Other Than the Payment of Money - Applicability of Provisions - Ten Day Stay
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA